MARIA DORCHESTER *against* COVENTRY AND HASBROUCK.

In an action   THIS was an action of dower, *unde nihil, &c.* The defend-
of *dower* out of
lands which ant pleaded,
the husband
had alienated   1. *Ne unques seisie.*
during cover-
ture, the de-   2. That the demandant's husband conveyed, in his lifetime,
mandant can
only recover to one *Broadhead*, and that *Broadhead*, and the tenants, had
according to
the value of made valuable improvements on the premises ; and that the
the lands at
the time of tenants always have been, and still are, ready to set off to the
alienation. demandant, one third of the tenements, according to their true
value at the time of the death of the demandant's husband.

The cause was tried at the *Oneida* circuit, in June, 1814,
before Mr. Justice *Van Ness*.

The demandant's husband was seised in fee of the premises,
during coverture, and in 1804, conveyed the same to *Broadhead*,
under whom the tenants claim, and died in 1813.

The value of the land at the time of alienation, as found by
the jury, was *five hundred dollars*, and its value at the time of
trial, (exclusive of buildings erected since the alienation,) *one
thousand seven hundred and fifty dollars.* And the question raised
for the opinion of the court was : according to which valua-
tion judgment was to be rendered ?

*H. R. Storrs*, for the demandant. The demandant is entitled
to recover her dower, according to the value of the land at the

time of the verdict. In *Humphrey* v. *Phinney,*[*] it did not appear that the land had risen in value. In that case, the *Chief Justice* does not state the language of the act correctly. The act (1 *N. R. L.* 60.) does not say that the widow shall have her dower, *according to the value at the time of alienation ;* but the words are, " according to the value, exclusive of the improvements made since the sale." The improvements intended are those made by the grantee.

If the common law was otherwise, the statute has so far altered it as to give the widow the benefit of the rise in the value of land. It was not intended that the widow should have the benefit of the labour and money of the grantee, applied to the improvement of the land ; but the rise in value, from other extrinsic causes, is clearly within the reason of the statute, as well as of the common law. The reason given by Sir *Matthew Hale* appears not to be sound. Suppose the husband, during coverture, aliens land worth one thousand dollars, for five dollars, is the widow to have the *third* of five dollars only, because the grantee can recover only that sum, being the consideration, in his deed, from the heir or executor ?

There is no injustice in giving the widow her third of the increased value of the land ; the residue has equally risen in value, and it was the folly of the grantee to take the deed without a release of dower.

In *Gore* v. *Brazier,*[†] *Parsons,* Ch. J. admits that the rule, founded on feudal principles, has been supported in *Massachusetts,* from principles of public policy, not to discourage purchasers from improving their lands ; that the widow shall not be entitled to the benefit of the *improvements* made by the purchaser : but he adds, if the lands have greatly risen in value, not from any improvements on them, but from *extrinsic* causes, as the increase of commerce and population, it may be a question whether, on the *extendi ad valentiam,* the lands to be recovered in recompense, would not be valued at the increased price.

*Johnson,* contra. 1. As the husband did not die seised, the widow is not entitled to damages for the detention ; the demandant not having replied a *request.*[‡]

2. The case of *Humphrey* v. *Phinney*[§] is perfectly analogous to this case, and conclusive, that the widow can recover only

*[margin notes:]*
NEW YORK, October, 1814.
DORCHESTER v. COVENTRY.
[*] 2 Johns. Rep. 484.
[†] Tyng's M c. Rep. 523. 544.
[‡] 3 Com. Dig. 342 Damages, C. 2 Johns. Rep. 119
[§] 2 Johns. Rep. 484.

NEW YORK,
October. 1814.

DORCHESTER
v
COVENTRY.

* Pitcher v.
Livingston, 4
Johns. Rep 1.
Staats v Ten
Eyck, 3 Caines,
111. See also
4 Dallas, 445.

the value of the land at the time of the alienation. The whole subject is discussed, and the principle clearly settled, by *Kent*, Ch. J. And for the same reasons, the same principle has been applied in actions to recover damages on a breach of the covenant of warranty.*

THOMPSON, Ch. J. delivered the opinion of the court. This case cannot be distinguished from that of *Humphrey* v. *Phinney*, (2 *Johns. Rep.* 484.) The plea there was precisely like the present, to which there was a demurrer. What the replication in the case now before the court was, does not appear. The principle, however, which governed the case of *Humphrey* v. *Phinney* was, that the widow was entitled only to one third of the premises in value as at the time of the conveyance thereof by her husband. The language of the *Chief Justice* is plain and explicit, that the widow is not entitled to dower according to the improved value, and all the cases referred to as analogous, go to establish this point.

The statute (1 *N. R. L.* 60.) cannot admit of any other reasonable interpretation. It declares that the dower of any land sold by the husband shall be according to the value of the land, exclusive of improvements made since the sale. And it cannot be presumed that the legislature intended to make a distinction between improvements, and the increased value of the land. The same principle applies to both. The same reasoning which was adopted by the court, in *Pitcher* v. *Livingston*, (4 *Johns. Rep.* 1.) against allowing a recovery of damages, in an action of covenant for the increased value of land, may be applied to the present case.

The demandant must, accordingly, have judgment according to the value of the land at the time of the alienation.

Judgment for the demandant.