6     636
57 LRA 944n

## ALBERT C. ROBBINS, Respondent,

### *vs.*

## THE MILWAUKEE & HORICON RAILROAD COMPANY, Appellants.

#### APPEAL FROM THE FOND DU LAC CIRCUIT COURT.

When land is taken by a railroad company for its use, the owner is entitled to recover:

1. The actual value of the land taken, at the time of the taking, in money, without diminution, on account of benefits, advantage, or other set-off whatsoever.

2. Such damages as he actually sustains, resulting immediately and directly from the proper construction of the road according to its charter, but not for remote or speculative damages.

3. Fencing made necessary by running the road through the farm, is a proper item for consideration in estimating the damages.

4. For damages resulting to his whole farm, lying in a body, through which the road runs, and is not confined to its effect upon the particular tract, lot, or enclosure from which the track of the road is taken.

In estimating benefits, those only are to be considered which are peculiar to the owner, and not enjoyed in common by the community.

It is essential to a recovery, that the claimant for damages for land taken by a R. R. Company, shall show some degree of title, and he can only recover according to such title or estate as he has in the land.

Title in fee in the claimant is not to be presumed from possession, and he can only recover according to the title or estate which he shows.

This was an appeal by Robbins from an award of commissioners, of the value of certain land taken by the railroad company for the use of their road. In the circuit court judgment was rendered in favor of Robbins, from which the company appealed to this court.

On the trial in the court below several exceptions were taken to the ruling of the judge as to the admission of evidence, but the questions of law involved therein are all raised

in other exceptions taken to the instructions of the judge to the jury.

The evidence being closed the judge charged the jury as follows:

1st. The plaintiff is entitled to recover such damages as result from a proper construction of the road, in accordance with the provisions of the charter under which the road was built. It is only special damage to the appellant's farm, for which he is entitled to recover, and not for any remote and speculative damages which may or may not accrue. Take damage by fire, frightening horses, injury to children and the like, for such you can allow nothing.

2d. The plaintiff is entitled to recover such damage as he has actually sustained, without showing an absolute title to his land. It is enough that he occupies, possesses and enjoys under color of title. To which last mentioned charge the defendants did then and there except.

3d. The jury will be governed in estimating damages by this rule: Give the plaintiff such sum which will make his farm worth as much as if the railroad did not run across it, but ran across some other man's farm. Any special benefit accruing to the plaintiff's farm, which he does not enjoy, in common with his neighbors, you must charge him with. To all of which charge the defendants excepted. And the said defendants requested the said circuit judge to charge and give his opinion to the jury as follows:

1st. That the difference between the value of the land at the time the railroad was located, and the route determined and fixed upon by the company, and the value of the land as it will be when the road is constructed and completed upon the plans fixed upon by the company, is the measure of damages, and not the difference between the value of the land when the grading was commenced, and its value when this appeal is tried: which charge the judge refused to give, but charged the jury, that the time of the actual taking of the land was the time at which to fix the value, and not the date of the survey, as that was subject to alteration at any time. To which refusal of the

judge, so to charge the jury as requested, and to which charge as given by the said judge, the defendants excepted.

2nd. That the plaintiff is not entitled to recover anything for damage to or for the lands themselves to which he has shown no title. Which charge the judge refused to give; but charged the jury that possession and occupancy under color of title were sufficient for plaintiff to recover. To which refusal so to charge as requested, and to which charge as given, the defendants excepted.

3d. That the jury have a right to, and ought to consider the benefits and advantages resulting to the plaintiff's land and premises, and assess only such damages as he may suffer, over and above the benefits he may derive from the construction of the road. Which charge the said judge refused to give, but, charged the jury that they should deduct from the plaintiff's damage, any special benefits accruing to his farm, and not enjoyed by his neighbors in common with him. To which refusal so to charge as requested, and to the charge as given, the defendants excepted.

4th. That fencing is not a proper subject of damages, or certainly only one-half of the fencing—every person being bound by law to make one-half of his line fences. Which charge was refused. But the judge charged the jury, " that if they found that the land was used for farming purposes, and that a fence was made necessary by the construction of the road in order for the plaintiff to enjoy his land as he did before, then the expense of a fence was a proper item for their consideration." To which refusal of said judge, to charge the jury as requested, and to such charge as given by him, the defendants excepted.

5th. That the plaintiff cannot recover damages for more land than the railroad track crosses, nor for more than is described in the award appealed from. Which charge was refused by said judge, and the said judge charged, " that the plaintiff was entitled to recover the damage to his whole farm, that was lying there in a body, and that he was not limited to the particular part from which the track was taken." To which refusal and charge the defendants excepted.

6th. That the jury must assess the damage to the land which the plaintiff will suffer when the railroad across it is completed according to the plan and mode of construction of the same, adopted by the company, and not damages to the land as it is situated when the railroad is not completed; and the said circuit judge refused so to charge the jury as requested, to which refusal the defendants excepted.

7th. And the said judge further charged the jury that the plaintiff in this case could not recover any damage for injury caused by the said railroad, when the same runs in the highway.

The jury returned a verdict in favor of the plaintiff for the sum of $1822, upon which judgment was entered, from which the defendants appealed. •

*Orton, Hopkins and Firman,* for the appellants.

1st. The evidence and charge of the court in relation to fencing were erroneous. Rev. Stat., 123–4; Sess. Laws; 2 Am. R. R. cases, 562–4, 553; 2 Iowa, (Clark,) 306; 1 Id. 386; 16 Ill., 198; Ohio, 2 Rep., 433; 4 Chandler, 72; 8 Rich., 185; 29 Maine, 307; Sess. Laws 1852, p. 675, § 11.

2d. The damages should have been ascertained by a comparison of the value of the land at the time of the *location* of the road, and its value after the *completion* of the road, according to the statute. 2 Iowa, 306; 16 Barbour, 275; 13 Id., 169; 17 Wend., 649; 4 Cush., 291; 8 Barr., (Penn.) 445; 3 Met., 383; 10 Cush., 388; 3 Id., 91; 35 Maine, 319; 22 Vt., 363; 25 Vt., 69; Am. R. R. cases, 554, note; 7 Barb., 508.

3d. The title to the land is a necessary subject of inquiry in awarding damages. Acts of 1852, p. 152–675; 2 Am. R. R. cases, 234, 178, 353; 13 Barbour, 646; 7 W. & S., 136; 21 Pick., 258.

4th. Lands remote from the tract immediately crossed by the road should not be considered. 2 Iowa, 306; 4 Cush., 291; 1 Iowa, 386; 10 Cush., 385.

5th. The verdict should have assessed the value of the land

and the other damages separately. Acts of 1852, p. 152; 16 Barbour, 275; 14 Penn., 245.

*E. S. Bragg*, for the respondent.

I. This case involves the question, as to what damages a party whose land is crossed by a railroad, is entitled to receive.

The rule as held by the circuit court, and of which the appellant complains, gave the appellee compensation for all the *actual* damage sustained, which we submit upon every principle of justice and right, as well as upon authority, is correct.

The exceptions taken to the rulings of the court, are as follows:

1st. The court held that we were entitled to pay for such extra fencing as we were compelled to make, in order to use our farm as we had used it before.

2d. That the time of computing the value was at the time of construction, and not the time of survey and location, (which was a long time prior to the actual taking). Vide, fol. 27.

3d. That we were entitled to prove its position in front of our house, i. e., the length and depth of the cut.

4th. That possession under color of title, was sufficient for the purposes of that suit.

5th. That we were not confined to the land actually taken.

6th. That the witness, Hillyer, should not give his opinions, which were purely hypothetical.

II. In support of the ruling of the judge, as to the first exception, we cite: 4 Chandler, 72; 2 Iowa, 288; 5 Richardson, 428; 2 Zabriskie, 495; 1 Am. R. R. cases, 212, note.

III. As to the second exception, we cite: Sess. Laws, 1852, p. 675; *Eble vs. M. and M. R. R.*, 4 Chand., 72.

IV. As to the third exception, we cite: 31 Maine, 215; 3 Cush., 107.

V. As to the fourth exception, we cite: *Gardner vs. Heatt*, 1 Comstock, 528; 17 Wend., 257; 2 Barb., S. C.; 3 Cush. 91; 5 Hill, 181; 3 Hill, 567; 6 Mass., 454–57; 3 Met. 239.

VI. As to the fifth exception, we cite: *Indiana Central R. R. vs. Hunter*, 8 Indiana Reps.; 31 Maine, 215 ; 4 Chand., 72 ; 6 Richardson, 47 ; 14 Illinois, 192–211.

VII. And in support of the ruling of the court on the sixth exception, we submit : That outside of all other objections, it was sheer nonsense to attempt to establish what a R. R. Co. are going to do, by the opinion of an agent. 1 Am. R. R. cases, 206.

VIII. And in support of the whole doctrine of the rights of the parties, and of the correctness of the rulings in this case, in connection with the charge, we cite : all the cases above cited, and 13 Barb. S. C. 169 ; 16 ib. 273 ; 11 Barb. S. C. R., 26–27.

*By the Court*, SMITH, J. This was an appeal to the circuit court of Fond du Lac county from the award of commissioners, to the respondent, of damages for land taken by the appellants for their road, and damages for such taking.

The questions of law, presented by this appeal arise out of the instructions given to the jury on the trial below, and to which exceptions were taken. We proceed to examine such questions so raised, as are essential to be considered in the disposition of the case.

The power given by the legislature to corporations for railroad purposes, to take the land of private persons for the use of the company, is a delegation of the power or right of eminent domain. The land taken for the purpose of constructing the road is deemed to be taken for the public use, and for which compensation is to be made, as well as for all damages occasioned by such taking.

In this case we think that the instructions of the judge on the trial were in the main correct, but in some material points erroneous.

We have no doubt that the owner of land taken by a railroad company for its use, under a charter like those usually granted in this state ; (and especially the charter of this com-

pany) is entitled to recover of the company the value of the land at the time of the taking, without any diminution, for benefits, advantage or offset whatsoever. It is too late now to discuss any question adverse to this position. The government can take my land for public use, when necessary, on paying me its value. But it cannot compulsorily make me a party to a forced sale thereof, and compel me to accept certain supposed advantages to my other lands not taken in lieu of the value of my lands taken.

When the government *needs* my land it has the sovereign right to take it; and when it takes it by virtue of such sovereign right and power, it is bound by the constitution to pay me the value thereof at the time it is taken. The government cannot speculate upon contingent or conjectural benefits in lieu of the value of land actually taken, nor can the owner speculate upon what would be thereafter the enhanced value of the land, after the purpose for which it was taken should be completed. This we understand to have been substantially the charge of the judge to the jury on this point.

We are also of the opinion that the plaintiff is entitled to recover such damages as result immediately and directly from the construction of the road through the land of the plaintiff, such as the destruction of wells, springs, barns, out houses, and the other damages of like character which result from the building of the road, but that he is not entitled to remote or speculative damages.

Exception was taken to the refusal of the judge to charge the jury as requested; "that they have a right and ought to consider the benefits and advantages resulting to the plaintiff's land and premises, and assess only such damages as he may suffer, over and above the benefits he may receive from the construction of the road." The judge did refuse so to charge the jury, but instructed them that they should deduct from the plaintiff's damages, any special benefits accruing to his farm, not enjoyed by his neighbors in common with him.

There is no error in this instruction. The plaintiff can be compelled to give up, not to sell his land. The state can take

it from him, but cannot force him to sell it. If the state takes it, it must be paid for, not by barter of benefits, but in money. It may be reasonable and proper that peculiar damages, outside of the value of the land taken, may be compensated by peculiar benefits, and so we understand the judge's charge. 4 Cush. 291, 10 Id. 385.

So in regard to the instruction of the court below relative to fencing. Fences, made necessary by the running of a railroad through the farm of the citizen, in order that the farm may be securely used as before, is a proper item of damages for the consideration of the jury. 4 Chand. 72, 1 Am. R. R. Cas. 212 and note.

We are also of the opinion that the owner of the land taken for railroad purposes, is not confined, in the estimate of *damages* for the taking and by the building of the road, to the particular strip taken, or the particular parcel, enclosure or lot from which it is taken; such as a ten, twenty or forty acre tract, but the whole contiguous farm lying together in a body, and cultivated as such, may be considered, as to the effect thereon, the convenience or facility or its after use, the feasibility of communication and approach, &c. &c., as proper subjects in estimating the damages.

So far we have little fault to find with the charge of the judge to the jury on the trial of this cause.

But the judge was requested to charge the jury, that the plaintiff was not entitled to recover any thing for damages to, or for the lands themselves, to which he had shown no title. This instruction the judge refused to give, but instructed the jury, that possession and occupancy under color of title were sufficient for the plaintiff to recover.

This instruction in the form it was given, and in the form in which it was asked and refused was erroneous. The authorities cited by the respondent do not, in any manner, sustain the position for which he contends. They only go to sustain the common doctrine, that the person in the possession and occupancy of land may maintain trespass. There is no doubt of this. But the railroad company actually take the land, for

the uses and purposes of the company, and are bound to pay for it. The party from whom it is taken can, obviously, demand payment for no greater interest than he may have had therein. To enable the plaintiff to recover at all, he must show some title. If it be a bare possession or occupancy, he certainly cannot demand and recover payment for the fee. If his estate be that of a lease for years, he cannot recover as for a freehold estate. The company take a permanent interest in the land, and by virtue of such taking in conformity with their charter they may acquire a title at least as permanent, as durable and as exclusive as their use of it for the purposes of their road may require, and according to the several estates in the property, must they make compensation to the persons owning them respectively. There can be no presumption of title in a proceeding of this kind. It must be shown, and compensation awarded accordingly.

The court below therefore erred in this instruction to the jury, and for that reason the judgment must be reversed. *Merrill* vs. *Berkshire*, 11 Pick. 269, *Carpenter* vs. *Comrs. of Brislot*, 21 Id. 258; 2 Am. R. R. Ca., 178, 234, 359; Sess. L. 1858, 675, 152.

There are some other points noticed in the bill of exceptions and the briefs of counsel, but it is believed that all the material matters presented by this appeal have been considered.

Judgment reversed with costs.