WINCHESTER vs. THE CITY OF STEVENS POINT.

*September 29 — October 23, 1883.*

*Injuries to realty — Proof of title — Damages.*

In an action, by one in the actual possession of land claiming to be the owner thereof, for an injury thereto caused by the erection of a dike which rendered the land inaccessible and set back water thereon, the plaintiff failed in an attempt to prove title, but recovered as for a permanent depreciation in the value of the land. *Held*, error. [TAYLOR and CASSODAY, JJ., are of the opinion that proof of the actual possession of land under claim of title in fee is *prima facie* evidence of such title, and, unless such presumption is rebutted, entitles the possessor to recover, as against a mere trespasser, all the damages which the owner in fee could recover; but that in this case, the injury complained of being in the nature of a continuing trespass or nuisance, only those damages were recoverable which had been sustained up to the time of the commencement of the action.]

APPEAL from the Circuit Court for *Portage* County.

The complaint after alleging that the plaintiff is the owner in fee simple of certain described lots in the city of *Stevens Point*, and has been the said owner and in the actual

possession thereof for more than one year immediately preceding the commencement of this action, proceeds as follows:

"That for more than twenty years last past the waters of the Wisconsin river at certain stages usually occurring every year have, unless prevented by artificial means, set back up a slough and natural watercourse to the north of said lots and thence flowing past said lots to the west, down and across Main and Clark streets in said city, into the Wisconsin river again below the Clark mills, so called, without in any manner injuring said lots. That Briggs street is a public street in said city, and plaintiff's said lots abut upon and adjoin said street, and were accessible only by means of said street. That in the month of April, 1881, the defendant, without authority of law, but, as plaintiff is informed, to prevent the said waters flowing down and past said lots across said Briggs street in the accustomed and usual channel as aforesaid, constructed a dike, a high embankment along and upon said Briggs street, the whole width thereof in front of said lots, thereby completely closing up said street and rendering the same impassable to and from said lots, the said dike then and there being at least five feet in height along the whole of said street-front of said lots, the entire width of said street.

"That by means of said dike the plaintiff is prevented all ingress to said lots by any street or alley in said city, the said dike extending many rods each way beyond the plaintiff's said lands along said street, and the plaintiff is compelled, by reason of the premises, to climb over said dike in going to and from the said house, and all persons desiring to enter the said house are obliged to do the same, and persons coming to the said house in carriages are obliged to alight at said dike and climb over the same to enter said house or upon her said lots.

"That by means of said dike the water, which would otherwise flow in its natural channel westward and away from the plaintiff's lands, is dammed up and set back upon

and over her said lands submerging the same until the low waters in the Wisconsin river will permit the same to drain off westward and northward; that in consequence said lots have become wet and unfit to live upon. By means whereof the said premises are greatly diminished in value and the plaintiff has sustained damage in the sum of $700, and the plaintiff demands judgment in the sum of $700 and costs."

The answer, besides a general denial, alleged that said dike had been built and maintained for more than twenty years.

It appeared from the evidence given on the trial that the dike was originally built in 1855; that it was rebuilt in 1880 and made considerably higher; and that its height was again increased in 1881. Other facts, and the view taken by this court of the evidence in relation to the plaintiff's title, will sufficiently appear from the opinion. There was a special verdict to the effect that at the time of the injury complained of and at the time of bringing this action the plaintiff was the owner and in the actual possession of the premises; that the raising of the dike was done by the authority of the city; and that the premises were damaged by such increased height to the amount of $225. A motion for a new trial was denied, and from a judgment on the verdict the defendant appealed.

The cause was submitted for the appellant on the brief of *Raymond & Haseltine*, and for the respondent on that of *G. W. Cate*.

COLE, C. J.   It is plain that the plaintiff in her complaint does not treat this as an ordinary action of trespass to the realty. She alleges that she was the owner in fee simple and in the actual possession of the premises described. Her *gravamen* is that the defendant city has constructed a dike or embankment in front of these premises, which renders them inaccessible, and that this embankment dams up

the water and sets it back upon her lots. Then comes the averment, "by means whereof the said premises are greatly diminished in value, and the plaintiff has sustained damage in the sum of $700." If there could be any doubt that the action is for a permanent injury to the realty, it would be removed by the character of the evidence offered on the part of the plaintiff on the trial to sustain her case. For instance, the witness Packard was asked what, in his opinion, was the damage to the premises arising from the building of the dike, and then how much they were damaged in value by reason of the damming up of the water and setting it about the premises. This and other testimony, of the same character, was given by plaintiff against defendant's objection. The court, also, in one portion of its charge, in effect told the jury that the plaintiff, in order to recover, must satisfy them that she was the owner of the property alleged to be injured. These remarks are made for the purpose of showing that the action is not for the mere injury to the possession, but is to recover damages for an injury to the freehold. That being the case, it was essential for the plaintiff to show a title beyond what would be necessary to maintain trespass; for the question of title was made a material issue by the pleadings. There was no dispute about plaintiff's possession. But she attempted to prove a good paper title and failed. Nevertheless, she recovered for the permanent depreciation in the value of the property. The question is, Can the recovery be sustained upon the evidence given?

It seems to be assumed that damages for a permanent injury to the freehold — that is, an injury which not only affects the present use and enjoyment of the property, but its value for all future time — are recoverable in this action, though it is apparent the embankment may be removed any day, or so reduced in height as to restore the property to its condition when she acquired it. There doubtless may be an in-

jury to the freehold which is permanent in its character; but was this such an one? The suggestion is made without deciding the point.

But what proof of title was it necessary for the plaintiff to make in order to maintain the action on the theory upon which it was tried? Her counsel contends it was sufficient for her to show she was in actual possession under claim of title. He also says that she established a good paper title; but this certainly is a mistake. Not to dwell on other defects in her claim of title, it will be noticed that the deeds from Kingston to Fay, and from Solomon Smith to William Randall, each had but one subscribing witness. The former was excluded; the latter was admitted in evidence against objection. Neither of the deeds was entitled to be recorded, and could not be proven by the record as the last one was.

There are authorities which hold that the seizin of the plaintiff in any real action is proved, *prima facie*, by evidence of his actual possession under claim of title. *Ward's Heirs v. McIntosh*, 12 Ohio St., 231; *Gulf R. R. Co. v. Owen*, 8 Kan., 410. Prof. Greenleaf so states the rule. 2 Greenl. on Ev., § 555. See, also, *Rau v. M. V. R. R. Co.*, 13 Minn., 442; *St. P. & S. C. R. R. Co. v. Matthews*, 16 Minn., 341. That is, these facts afford presumptive evidence of seizin in fee simple, until the contrary appears. But that rule would not save the plaintiff's case, because she offered evidence which disproved or overcame the presumption arising from these facts. She was not content to show actual possession under claim of title, but she undertook to prove title and failed. The evidence was probably offered to prove an adverse possession, under paper title, for ten years. That would have been sufficient had she established the fact of such adverse possession for the requisite time. But she did not; so the question returns, Was not the plaintiff bound, under the circumstances, to prove her title? We think she was. For if she was not the owner of the premises, why

should she recover damages for a permanent injury to them? She saw 'fit to put her title in issue, to rely upon it, and sought to recover as owner. The case is much like condemnation proceedings, and should be governed by the same rule as to proof of title. Since the early case of *Robbins v. M. & H. R. R. Co.*, 6 Wis., 636, it has been understood that the plaintiff must show title, and that title will not be presumed from evidence of possession under claim of title.

- In the recent case of *Diedrich v. N. W. U. R'y Co.*, 42 Wis., 248, the correctness of this rule 'is implied in the whole discussion by the chief justice. He discusses most elaborately the extent of Diedrich's title, and closes the opinion with these remarks: " As in ejectment, a party seeking compensation in such a proceeding as this, must recover on the strength of his own title; and until he prove title in himself, is in no condition to question the right of the other party." Page 272. It seems to us this rule as to making proof of title is applicable to the case before us. Evidently, the learned circuit court was of the same opinion, though his charge is not consistent with itself. In one place the jury is told that the plaintiff must satisfy them by her proof that she was the owner, in order to recover for the injury done to the freehold. In another place the jury were directed that if the evidence showed she was in possession under claim of paper title she might maintain the action. The charge was misleading, upon the evidence given, and there must be a new trial. The other questions discussed will not be noticed.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.

The following opinions were filed November 27, 1883:

TAYLOR, J. The plaintiff brings her action to recover damages for injury to her real estate. The complaint sets out facts showing an injury to her freehold estate, perma-

nent and continued in its character. The appellant answered a general denial, and alleged that the dike which caused the injury had been built for more than twenty years. On the trial the plaintiff showed that she had been in the actual possession of the house and lot which had sustained the injury, for more than one year, and that she was in such actual occupation thereof, claiming title thereto, at the time the defendant raised the dike in front of the same, and at the time of the commission of the other wrongful acts complained of by her in her complaint. There was no serious dispute made on the trial as to the fact of raising the dike in front of the plaintiff's lot by the defendant. The principal dispute was whether such raising had injured the plaintiff's premises. Upon this point the evidence was conflicting, and that question was fairly submitted to the jury, and no exceptions taken to the instructions on that point. The dispute upon the trial was whether the plaintiff had shown a complete chain of title to the house and lot in question from the government to herself, or, if not, whether she had made out such title by an adverse possession for more than ten years, under a claim of title exclusive of any other right, under the provisions of sec. 4212, R. S. 1878. It was urged by the defendant that the plaintiff could not recover any damages in this action unless she showed such complete chain of title, or title by adverse possession. This claim on the part of the defendant seems to have been adopted as the law governing the case by the learned circuit judge, and he so instructed the jury in one part of his instruction to them. As I understand the opinion filed in this case, representing the views of a majority of the members of the court, it is held that the claim made by the defendant was the law of the case, and because the record disclosed the fact that the plaintiff failed to show such chain of title, or such title by adverse possession, the judgment of the circuit court was reversed and a new trial ordered.

Winchester vs. The City of Stevens Point.

The complaint sets out in apt language a claim for damages to the plaintiff's real estate, affecting the freehold, resulting from the unauthorized acts of the defendant city. The answer simply denies the allegations of the complaint not in any way justifying the acts complained of. The question lying at the basis of the controversy is this: Can a party in the actual possession of real estate recover for an injury to the freehold, against a mere wrong-doer who neither has nor claims any title to the premises or to the possession thereof, nor sets up any justification of the acts complained of under the authority of some third person who claims under a title paramount to the plaintiff's, without showing a perfect title to the premises? By the opinion of the court filed in this case this question would seem to be answered in the negative. Among other things in that opinion the chief justice says: "These remarks are made for the purpose of showing that the action is not for the mere injury to the possession, but is to recover damages for injury to the freehold. That being the case, it was essential for the plaintiff to show title beyond what would maintain trespass, for the question of title was made a material issue by the pleadings." These remarks, when considered in connection with the evidence produced by the plaintiff in this action, must mean that the plaintiff cannot maintain her action for an injury to the freehold by merely proving that she was in the peaceable possession of the premises when the defendant committed the injury complained of, claiming title thereto. The plaintiff had proved that she had such possession at the time the injury was committed, and that she, and those under whom she claimed, had held such possession for several years before.

With due deference to the opinion of the majority of the court, I cannot believe but that this decision is in direct conflict with well-established rules of law governing cases of this kind. It appears plain to me that the rule as stated in

the opinion is in direct conflict with two well-established principles: *First*, that in an action for an injury to real estate, whether the injury be simply one which injures the rights of a mere occupant or one which affects the freehold, proof of actual possession of the premises by the plaintiff under a claim of title at the time the injury was committed, is *prima facie* evidence that the plaintiff is the owner in fee, and no further proof of that fact is required of the plaintiff in order to support his action; *second*, in all such cases, when the defendant is a mere wrong-doer, setting up no title in himself, or in another under whose authority he did the acts complained of, such proof of actual possession under claim of title by the plaintiff is not only *prima facie* evidence of title in the plaintiff, but it is conclusive on the defendant; and it is no defense to the plaintiff's action, as against such mere wrong-doer, that the plaintiff's title is defective.

That proof of actual possession of either real or personal property under claim of title is *prima facie* evidence that the person having such possession is the owner in fee of the real estate, and of an absolute title to personal property so in his possession, has been frequently declared by this court. In the case of *Austin v. Allen*, 6 Wis., 134, the late Justice SMITH says: "The first objection which we deem it necessary to consider is that made to the introduction of oral evidence to prove that the signers of the petition were freeholders. That it was necessary to give evidence of that fact we think there can be no doubt. But it would seem that, in order to do so, it is not indispensably necessary to resort to documentary evidence. In the case of the *People v. Leonard*, 11 Johns., 510, the court held, on an indictment for forcible entry and detainer, that in such proceeding, as well as in ejectment, peaceable possession was evidence of seizin. So, also, in *People v. Van Nostrand*, 9 Wend., 53, the court held the same doctrine. See, also, *Livingston v. Penn. Iron Co.*, 9 Wend., 512–520; *Day v. Alverson*, id., 223; *Ricard*

*v. Williams,* 7 Wheat., 59; Bac. Abr., tit. 'Eject.' Hence we must conclude that the judge was right in overruling the objection and admitting proof of peaceable possession with claim of title as *prima facie* evidence of seizin in fee." Further on in the opinion he says:. "I have been unable to find a case in which record evidence in a case of this kind has been required. Cases may occur in which it becomes necesary, as where possession is wanting or where the *prima facie* implication arising from possession is rebutted; but all the authorities agree that the kind of evidence offered in this case, viz., peaceable possession under a claim of title, is *prima facie* evidence of seizin in fee."

In *Roebke v. Andrews,* 26 Wis., 311, the late Justice PAINE says: "The law gives to the possession of either real or personal property, *under claim of title,* the effect of being *prima facie* evidence of title. It is sometimes briefly stated that possession is *prima facie* evidence of title. But, when so stated, it is always implied that the possession is under claim of title. It is that fact which gives to it its character and legal effect."

In *Hungerford v. Redford,* 29 Wis., 345, Justice LYON says: "Merely colorable title in the plaintiff is not alone sufficient to entitle him to a judgment in an action like this, where, as in this case, the land is unoccupied. Had he been in the actual possession and occupancy of the land when the logs were cut, he could have maintained this action without making any proof whatever of paper title, unless the defendants proved an adverse title thereto of a higher character than a mere possessory one."

In *McNarra v. C. & N. W. R'y Co.,* 41 Wis., 69, the counsel for the railway company made a point that the court below refused to withdraw from the consideration of the jury the plaintiff's claim for injury to the land itself, because he had given no evidence of ownership, and insisted that in order to recover for such injury proof of title in fee is

essential. Justice LYON, in answering the objection, says: "The title necessary to be proved in order to maintain the action is the same as in an action of trespass *quare clausum fregit*, or in replevin for timber cut and removed by a trespasser from the lands of the plaintiff. In either case, if the lands upon which the trespass was committed were vacant and unoccupied, the plaintiff must prove title thereto or he cannot recover. But if he was in the actual possession and occupancy of the land when the trespass was committed, he may maintain trespass or replevin, according to the exigencies of the case, without making any proof of paper title;" citing the case of *Hungerford v. Redford, supra.*

This last case was an action against the railroad company for negligently setting fire to the plaintiff's fences, by reason of which they were destroyed, as well as for burning the grass and soil of the plaintiff,— clearly an action which would be denominated an action of trespass on the case under the old practice. The rule laid down by this court in the cases cited is sustained by all the elementary writers, and by the decisions of courts too numerous for citation in this opinion. Waterman on Tresp., 346, § 909. The learned author says: "Mere occupancy of land, however recent, gives the possessor a title against every one who cannot show a better claim, and is sufficient to enable him to maintain an action against a stranger. He who is in the peaceable possession of land is regarded as the owner, except in a contest with one who has a better title." To sustain this proposition a long list of authorities are cited from very many of the state courts as well as from the English courts. 1 Washb. on R. P. (4th ed.), 58, 344, announces the same rule in similar language, citing as authority: *Linthicum v. Ray*, 9 Wall., 243; *Look v. Norton*, 55 Me., 103; *Slater v. Rawson*, 6 Met., 439; Co. Litt., 153a; *Towle v. Ayer*, 8 N. H., 58. Tyler on Eject. & Adv. Pos., 70, lays down the same doctrine in a little different language. He says: "It is a maxim of the

law that the party in possession of lands is presumed to have a valid title thereto, and the presumption can be overcome only by proving title out of such party. Indeed, it has been said that possession of real estate is *prima facie* evidence of the highest estate in the property, that is, a seizin in fee." He afterwards qualifies this language, on page 71, as follows: " But this doctrine needs to be qualified a little. Undoubtedly, if a person be found in possession of land, claiming it as his own in fee, it is *prima facie* evidence of his ownership and seizin of the inheritance. It is not, however, the possession, but the possession accompanied with the claim of the fee, that gives this effect, by construction of law, to the acts of the party." This is the construction given to possession under claim of title by this court in the case of *Roebke v. Andrews, supra.* 2 Greenl. on Ev., § 555. See, also, 3 Wait's Act. & Def., 20–24, and the cases there cited, showing that proof of actual and peaceable possession is sufficient to maintain an action of ejectment against any one who has intruded upon such possession. The same rule was held by this court in *Bates v. Campbell*, 25 Wis., 613. It would be a waste of space as well as time to cite other authorities to sustain the proposition that the peaceable actual possession of real estate under a claim of title in fee is *prima facie* evidence of such title.

Taking it for granted that such proposition is fully established, it would seem to follow, as a matter of course, that, in an action for injury to real property brought by the person so in the actual possession under claim of title, he would be entitled to recover for all the injuries inflicted by a mere wrong-doer to such real estate, whether such injuries were such as affected the mere right of occupancy, or such as affected the freehold interest. Under the rule above established, the proof of the plaintiff's actual possession under claim of title being *prima facie* evidence of his title in fee, he is certainly entitled to all the damages which such owner

in fee could recover, until the proofs rebut such presumption of title.

In the opinion of this court in this case, it seems to be laid down as a rule of law that in every case where a plaintiff seeks to recover damages for an injury to his freehold estate, and when the answer denies his title and possession, proof of actual possession under claim of title is not sufficient to maintain such action, and that in every such case it is necessary for the plaintiff to go further and prove an actual title in fee, either by a chain of conveyances from the United States, or by actual adverse possession for a sufficient length of time to bar the real owner and vest the title in such actual occupant. This ruling seems to me in direct conflict with the decisions of this court in the cases from which I have quoted above, as well as with all the other authorities. If it should be said that the language used by the court in its opinion must be interpreted by the facts of the case, and that all that is meant is that if the proofs in the case show that the plaintiff has not in fact a clear chain of title from the government, and has not shown an adverse possession which would bar the owner and vest the title in the possessor, he cannot recover for damages to the freehold, I still think the decision wrong, and in conflict with the authorities. It seems to me well settled, if anything can be settled in the law, that a mere trespasser, having no title and not claiming under a third person having a title, who intrudes upon the actual peaceable possession of one claiming title, cannot defend by questioning such possessor's title.

This question was fully discussed by the court of errors and appeals of the state of New Jersey, in the case of *Todd v. Jackson*, 26 N. J. Law, 526. That action was brought by the plaintiffs, who were in the actual and peaceable possession of a mill, and it was alleged that the defendants " entered the same, and broke down and separated from said mill and building, and its appurtenances, all the shafting and

gearing therein, affixed, fastened, and attached to the floors, walls, and ceilings of the two rooms constituting the first and second stories above the basement, etc., of the value of $2,000, and carried away the same." On the trial of this action, the plaintiffs, as in the case at bar, after showing their actual and peaceable possession of the mill at the time the defendant committed the trespass, undertook to show a paper title and failed, as in this case, and the question was whether, notwithstanding such failure, they were entitled to recover full damages against the defendants for the injury done to the building, and for the value of machinery and fixtures taken away by the defendants. The trial court held they could; the supreme court reversed the judgment and held they could not; and, on appeal to the court of errors and appeals, the judgment of the supreme court was reversed, and that of the trial court affirmed, all the judges concurring in the opinion. I take the liberty of citing at considerable length from the opinion in this case, because it states the law very clearly, and in a more clear and forcible manner than I should be able to do. The chancellor who delivered the opinion, speaking of the deed offered in evidence by the plaintiff, and which it was admitted failed to show title in the plaintiff, says:

"In order to establish the materiality of that deed as evidence, you must determine the broad proposition that, in an action of trespass *quare clausum*, it is necessary, in order to entitle the plaintiff to recover the full extent of damages done to the freehold, that he should prove his title to the inheritance. If the proposition be true, then if A. bring an action against B. for cutting down timber trees upon his land, or pulling down a house, A. cannot recover the value of the building or of the trees cut unless he shows his title in the land in addition to his possession. I think it may be affirmed with great confidence that such a principle cannot be found laid down by any elementary writer, and that no respectable authority can be found for it.

"The action of trespass, both as to real and personal property, is a possessory action. A party in possession is *prima facie* the owner, and that possession will entitle him to recover to the extent of the injury done, unless the defendant show something in mitigation of the damages. . . . They did not rebut the *prima facie* case which resulted from the fact of possession, that the plaintiffs were entitled to recover to the full extent of the injury. It would be a monstrous doctrine, and fraught with innumerable evils, that a plaintiff in trespass cannot recover for a permanent injury to the freehold, and to the full extent of the injury, without first establishing his title to the freehold, in addition to his title by possession. What would be the consequences in those numerous cases where men are in peaceable possession of property and have paid for it, and yet, through some neglect, have failed to procure a title, or have lost their title deed. Can any stranger enter upon such possession, pull down the dwelling-house over the head of the occupant, and, when called upon to respond in damages, complacently ask the person he has injured to exhibit his documentary evidence of title? A man who is in possession of a dwelling-house has by that possession a title good against all the world, for every purpose, until a superior one is shown, and most certainly it cannot be law, and ought not, that such possession is not *prima facie* evidence of title against a wanton wrongdoer. It is certainly true, as stated by the supreme court, that a reversioner may bring his action on the case for damages done to the freehold affecting his reversionary interest. But if it be correct that a person in possession cannot recover damages for an injury for which the reversioner is entitled to his action, the trespasser must show that there is such a reversioner, and that the damages should be mitigated, because he, the defendant, is answerable over for the same injury to another person. . . . There is nothing in the idea that the plaintiffs are prejudiced by the fact of having attempted to prove their title, and failed. If the title is im-

material, their failure to prove it is immaterial. In *Catteris v. Cowper*, 4 Taunt., 547, the plaintiff attempted to show the *locus in quo* was a part of his farm, and failed. But the court say 'the defendant stands neither on any former possession of his own, nor derives title under the possession of any other person; his only objection to the plaintiff's recovery is that he has not proved the title he stood on; but no answer is given to the fact of his prior possession.' See, also, *Graham v. Peat*, 1 East, 244; *Harper v. Charlesworth*, 4 B. & C., 574."

In the case at bar it is said the plaintiff ought not to recover her damages to the freehold because one of the deeds in her chain of title was witnessed by but one witness, and so was not entitled to record, and the record was not good evidence. She was in possession and claiming title under this deed. Supposing the grantor in this deed had brought ejectment, or an action against the plaintiff for some injury to the freehold, would it not be perfectly clear that she would have a good defense in equity, and I think in the law, to such action? The deed so imperfectly executed would, as we have just decided in the case of *Dreutzer v. Lawrence, post*, p. 594, be in equity a good contract to convey the land to the plaintiff, and on its face would prove the payment of the consideration for the lands, as well as the right to the possession of it under such contract. Yet this defect, which would be of no avail to the grantor in the deed, is permitted to be set up by a mere wrong-doer as a defense to an action for a wilful injury to the plaintiff's lands. A wrong-doer may, perhaps, mitigate the damages, as was said by the chancellor in the case just cited, by showing that the plaintiff's possession is under a claim of title which leaves an estate in reversion, or in remainder in another, as that he is a tenant for years, or at will, or sufferance, or for life; but when the plaintiff is in possession, claiming title adverse to everybody, then he is a disseizor of the true owner, and there is no person having an

estate in remainder or reversion who can maintain an action. The disseizee himself cannot maintain an action of trespass either against his disseizor or any other person. His only remedy is to bring his action of ejectment, and if he succeeds in that, he can then recover against the party in possession his damages and rents and profits. Sec. 3082, R. S. 1878; *Frost v. Duncan*, 19 Barb., 560; *Emerson v. Thompson*, 2 Pick., 473; 6 Wait's Act. & Def., 64, 65; *Vance v. Beatty*, 4 Rich. Law (S. C.), 104; *Cohoon v. Simmons*, 7 Ired. Law (N. C.), 189; *Stean v. Anderson*, 4 Harr. (Del.), 209. If, in an action like the one at bar, the plaintiff cannot recover for her permanent damages to the premises, there is no one who can, and the wrong-doer will escape all liability, except for such as affect the rights of a mere occupant who claims no title.

This court says, in *Bates v. Campbell*, 25 Wis., 615: "The wrong-doer who, without any right, invades the peaceable possession of another, cannot defend successfully by showing that such other had not a perfect title. The actual possession is sufficient evidence of title against every one who cannot show a better." This was said in regard to the possession of personal property, and the court then adds: ".There seems no reason why the same rule does not prevail in respect to real estate. It is reasonable, and tends to promote justice and preserve the peace and good order of society; for the opposite rule would encourage wrong-doers to invade the peaceable possession of others in all cases where the title was imperfect." In that case it was held that in ejectment against one who claimed no title in himself, a prior peaceable possession was sufficient evidence of title to recover against the wrong-doer, who had intruded upon such possession. The following authorities sustain the decision of the court of errors and appeals of New Jersey, above cited: *Parkhurst v. Jacobs*, 17 Mich., 302; *Harker v. Dement*, 9 Gill, 7–12; *Armory v. Delamirie*, 1 Strange, 505;

*Sutton v. Buck,* 2 Taunt., 302; *Burton v. Hughes,* 2 Bing., 173; *Duncan v. Spear,* 11 Wend., 54; *Daniels v. Ball,* id., 57; *Gardner v. Heart,* 1 N. Y., 528; *Magee v. Scott,* 9 Cush., 148; *Hubbard v. Lyman,* 8 Allen, 520; *Burke v. Savage,* 13 Allen, 408; *Bartlett v. Hoyt,* 29 N. H., 317; *Knapp v. Winchester,* 11 Vt., 351; *Coffin v. Anderson,* 4 Blackf., 395; *Carter v. Bennett,* 4 Fla., 283–355; *Cook v. Patterson,* 35 Ala., 102; *Vining v. Baker,* 53 Me., 544; *Weymouth v. C. & N. W. R'y Co.,* 17 Wis., 550; *Jeffries v. G. W. R'y Co.,* 34 Eng. L. & Eq., 122; 1 Chit. Pl. (7th ed.), 198; *Purnell v. Young,* 3 Mees. & W., 288; *Heath v. Milward,* 2 Bing. N. C., 98; *Carnaby v. Welby,* 8 Adol. & E., 872; *Browne v. Dawson,* 12 Adol. & E., 624; *Every v. Smith,* 26 Law J. Exch., 344; *Cohoon v. Simmons,* 7 Ired. Law (N. C.), 189; 2 Chit. Pl. (16th Am. ed.), 716, 717; *Davison v. Gent,* 26 Law J. Exch., 122.

The two cases cited from 26 Law J. presented the same questions presented by this case. *Every v. Smith* was an action of trespass for pulling down the walls of his house, and on the trial he undertook to prove his title by documentary evidence, and failed. He then claimed to recover on the proof of his actual possession, and the court held that he could recover on such proof, the defendants being mere wrong-doers, not justifying under the real owner. The case of *Davison v. Gent* was an action of ejectment, and the plaintiff attempted to show his title by documentary evidence, and failed, but the court permitted him to recover on his proof of actual prior possession, the defendants appearing to be mere intruders without right. Upon this point, POLLOCK, C. B., says: "Upon the second point, as to the plaintiff's prior possession being sufficient title as against a wrong-doer, I cannot assent to the notion that when a party has a right to maintain an action of ejectment by reason of his possession, if he attempts, also, to show title, and discloses a flaw in his title, he cannot recover by reason of his posses-

sion.    He may say, I claim to recover both by reason of my title and my possession, and failing in one I will rely upon the other." The other judges concurred in the opinion of POLLOCK, C. B.

It seems to me that the rules laid down in the authorities above cited, and in a multitude of others that might be, are founded in natural justice, and tend to the maintenance of the peace and good order of society.

The only cases which are relied upon as supporting the opinion of the court in this case are *Robbins v. M. & H. R. R. Co.*, 6 Wis., 636, and *Diedrich v. N. W. U. R'y Co.*, 42 Wis., 248.    These were both cases under the statute to have assessed the plaintiff's damages for lands taken by a railroad company under the statute.    The railroad company was not a wrong-doer in any sense.    It was taking the plaintiff's land as it had the right to do; and in such case it might be very just to compel the plaintiff to show his title before he should be entitled to charge the company with the price of the lands taken.    The rule established in such cases ought to have no application where the plaintiff is proceeding against a mere trespasser who makes no claim of right as against the plaintiff.

I am inclined to think the judgment of the circuit court ought to be reversed, but for a reason not discussed, though referred to in the opinion of the court.    It seems to me that the acts complained of by the plaintiff are in the nature of a continuing trespass or nuisance, and that the rule as to the damages which the plaintiff may recover in such actions is not the damages the plaintiff may sustain in the future, but such as he has sustained at the time the action was commenced.    See *Carl v. S. & F. du L. R. R. Co.*, 46 Wis., 625; *Blesch v. C. & N. W. R'y Co.*, 43 Wis., 183; *Cumberland & O. Canal Corp. v. Hitchings*, 65 Me., 140; and other cases cited in *Carl v. S. & F. du L. R. R. Co.*  If the reversal of the judgment had been placed upon that ground, I

should have concurred in the opinion of the court. The judgment should be reversed, not because the plaintiff did not show sufficient title to the *locus in quo* to entitle her to recover damages for the injury done to her freehold estate, but because she was permitted to recover damages to which she would not have been entitled, even though she had established a perfect title in herself by a chain of conveyances from the United States to herself.

CASSODAY, J. Aside from lands taken under the right of eminent domain, where each person interested is entitled to specific compensation, and in which class of cases this court seems to have adopted a different rule, I concur now, as I did in the consultation, with my brother TAYLOR, as to the effect to be given to adverse possession under a *bona fide* claim of title as a matter of evidence. But here the *gravamen* of the complaint, the scope of the evidence, the ruling and charge of the court, were each and all upon the theory of a permanent and continued occupancy of the land taken. This being so, the jury necessarily included in the damages awarded, such as accrued between the commencement of the action and the time of the trial, and also all such as might thereafter accrue, the same as though the land had been condemned and taken under the right of eminent domain. But upon no theory can a judgment for such damages be sustained in this action — certainly not upon the proofs here taken. Had the plaintiff only sought and recovered damages to the time of the commencement of the action, the case might have stood in a different attitude. For these reasons I think the judgment was properly reversed.