LIPPERT and wife, Respondents, vs. CHICAGO & NORTH-
WESTERN RAILWAY COMPANY, Appellant.

*December 2, 1919—January 13, 1920.*

*Eminent domain: Railroads: Damages from increased use of
switch track: Depreciation of adjacent property: Damages.*

1. The owner of land in a street on which a switch track had long
   been in use is not entitled to damages for the increased use
   of the switch track resulting from the use of a new spur
   track constructed on such street.
2. The owner of a small triangular piece of land taken by a rail-
   road in the construction of a spur track can recover only for
   the depreciation resulting to the property from which the
   piece is taken, and is not entitled to damages for depreciation
   in value of other property wholly independent and separate
   from that actually taken.

APPEAL from a judgment of the circuit court for Ke-
nosha county: BYRON B. PARK, Judge. *Reversed.*

This action was brought by the plaintiffs to recover
damages for alleged depreciation of and damage to certain
property of theirs by reason of defendant's building a spur
track on a strip of land which took from plaintiffs a small
triangular piece containing about ten and three-quarters
square feet.

Condemnation proceedings were begun by defendant on
September 9, 1916. The commissioners in the proceedings
awarded the plaintiffs the sum of $1,050. Both parties
appealed to the circuit court. On the trial it was stipulated
that the jury, by special verdict, should determine what
portion of the plaintiffs' property should be considered in
determining the amount of compensation to which the
plaintiffs were entitled for depreciation by reason of the
triangular piece taken for railroad purposes. The descrip-
tion of the several parcels into which plaintiffs' property
was divided and used was also stipulated to be as shown
by a plat offered in evidence and its use was apportioned as
indicated thereon.

The jury, by a special verdict, found that on October 31, 1916, the fair market value of the triangular piece of land in Pearl street, and subject to this public easement, condemned and taken by the *Chicago & Northwestern Railway Company* for its use, was $50; that the fair market value of the south seventy-five feet of the southeast quarter of block 18 in the Sixth ward of Kenosha, owned by the plaintiffs, not taken for railroad use, was depreciated by the taking of the triangular strip to the amount of $2,850; that the part of the depreciation to be apportioned and assessed to the tenement property, embracing forty-seven feet frontage on Pearl street, is $950; that the part of the depreciation to be apportioned and assessed to the brick homestead property, embracing eighty-six feet frontage on Pearl street, is $1,900.

Judgment was entered for $2,900, with interest and costs, from which judgment the defendant appeals.

*R. N. Van Doren* and *D. E. Riordan,* both of Milwaukee, for the appellant.

For the respondents there was a brief by *Buckmaster & Hammond* of Kenosha, and oral argument by *A. E. Buckmaster.*

SIEBECKER, J.    The question presented on this appeal is: Did the court err in awarding recovery for any depreciation of the plaintiffs' homestead property, embracing the eighty-six feet frontage on Pearl street, by reason of the condemned small triangular piece of plaintiffs' property, amounting to about eleven square feet, lying in Pearl street and being a part of the southwest forty-five feet of the southeast quarter of block 18, abutting on Pearl street and adjoining the plaintiffs' homestead?

As above stated, the plaintiffs, as owners of the quarter of block 18, divided it into three parts, each part having on it a residential building.    It is stipulated that only the parts occupied as homesteads and the double tenement building,

both of which front on Pearl street, are involved in this proceeding. The railroad company had occupied Pearl street with a switch track for many years before the triangular piece in question was condemned as a part of the right of way for a new branch switch track which connected with the old track in Pearl street in front of plaintiffs' premises. The original right defendant had acquired in Pearl street to lay and operate a switch track along this street entitled it to use such old track in connection with the proposed new spur track, and any increased use of the old track resulting from the use of the new spur track furnished no basis for a claim for damages to plaintiffs' property on account of laying the new spur track. In the light of the use to which plaintiffs devote the two properties they own fronting on Pearl street, can it be said that they are used as a unit so that each is dependent and related to the use of the other, or are they devoted to separate and distinct uses, so as to constitute independent properties as far as they are affected by this railroad in Pearl street? It is stipulated that the north part of the plaintiffs' property in the quarter of the block owned by them, and used as a tenement, is not so situated as to be united in use with the properties here in question as to entitle plaintiffs to damages in this condemnation proceeding. The uses of the homestead dwelling and the tenement abutting on Pearl street are wholly separated and independent and constitute in fact divided parcels of land, and each is put to the use for which it is best adapted. This separation of the properties is as complete as it would be if owned and occupied by different persons. Under these conditions, which are undisputably shown by the evidence, we are of the view that the trial court erred in holding that the homestead and the tenement properties fronting on Pearl street are a unit in use and occupation and constitute one property for the purposes of the condemnation proceeding. Their location, use, and separation make them separate and independent par-

cels of ground and entitle plaintiffs to recover damages by way of depreciation to only the forty-five foot parcel constituting the double tenement dwelling house property from which the triangular piece is taken for railroad purposes.

Looking at the actual situation as presented by the evidence, and the different purposes and uses to which the plaintiffs devote these properties, from a practical and common-sense point of view it must be held as a matter of law, in the light of the adjudications in this court, that plaintiffs can recover in this proceeding only for the depreciation resulting to the tenement property from which the triangular piece was taken. We consider that this result is sustained by the rule and the reasoning of the following cases: *Bigelow v. West Wis. R. Co.* 27 Wis. 478; *Robbins v. M. & H. R. Co.* 6 Wis. 636; *Welch v. M. & St. P. R. Co.* 27 Wis. 108.

The judgment is erroneous in awarding recovery of the $1,900 as depreciation of the homestead property. Judgment should have been awarded as asked for by the defendant, namely, that plaintiffs recover damages in the sum of $1,000, less the costs of the action, pursuant to sec. 1849, Stats.

*By the Court.*—Judgment reversed, and cause remanded to award judgment in plaintiffs' favor for the balance, after deducting the defendant's costs of action, from the $1,000 plaintiffs are entitled to recover.