Johnson v. Lynch.

---

No. 10,248.

## JOHNSON v. LYNCH.

PRÆCIPE.—*Summons.*—*Return Day.*—*Practice.*—In a præcipe for a summons in term, the direction, " The clerk will issue process to the sheriff of Jasper county, Indiana, and fix in the summons Thursday, April 6th, 1882, the same being the sixteenth judicial day of the Jasper Circuit Court," was sufficient to fix the day during the term on which the defendant should appear and to support a summons in which it was so stated. Section 516, R. S. 1881.

SAME.—*Endorsement upon Complaint.*—In such case, if the endorsement upon the complaint be sufficiently specific to inform the clerk of the day upon which the defendant is required to appear, the provisions of the statute will be complied with.

From the Jasper Circuit Court.

Johnson *v.* Lynch.

*R. S. Dwiggins, Z. Dwiggins* and *W. B. Austin,* for appellant.
*S. P. Thompson,* for appellee.

ZOLLARS, J.—This action was commenced during a term of the court below, by appellee against appellant, upon a promissory note. At the time of filing the complaint the following endorsement was made upon it: "No. 2245. In the Jasper Circuit Court, March term, 1882. Marion A. Lynch *vs.* James E. Johnson. Complaint on note. Demand, $200. The clerk will issue process to the sheriff of Jasper county, Indiana, and fix in the summons Thursday, April 6th, 1882, the same being the 16th judicial day of the Jasper Circuit Court.
"THOMPSON & BRO., Att'ys for pl'ff."

Upon this endorsement, the clerk was directed by the court to issue a summons, returnable on the 6th day of April, 1882, the same being the 16th judicial day of the term. A summons was accordingly issued by the clerk and properly and in due time served upon appellant. On the 7th day of April, appellant, by counsel, made a special appearance and moved to set aside the summons, and the service of the same, because of the insufficiency of the endorsement upon the complaint. Before this motion was decided, appellee was permitted by the court to amend the endorsement by adding, after the word court the words " as the time for the trial of this cause." To this amendment appellant objected and excepted. His motion to set aside the summons and service was then overruled, and he excepted. There being no further appearance, a default was taken and judgment rendered against appellant.

There is a proviso in the statute that, when filing a complaint, either during or preceding a term of court, the plaintiff may fix the day during the term, by endorsement upon the complaint, on which the defendant shall appear, which day, when so fixed, shall be stated in the summons. If the endorsement upon the complaint be sufficiently specific to inform the clerk of the day upon which the defendant is required to appear, the provisions of the statute will be complied with.

In this case the endorsement is elliptical, but it seems to us that no one could be misled, especially when the endorsement is interpreted in the light of the statute. The clerk is directed to "fix in the summons Thursday, April 6th, the same being the 16th judicial day of the Jasper Circuit Court." Under the statute the day thus fixed could be for no other purpose than the return day of the summons, or, as stated in the statute, the day "on which the defendant shall appear."

Having reached the conclusion that the judgment can not be reversed because of the alleged insufficiency of the endorsement upon the complaint, the other questions discussed by counsel become immaterial. That there was no error in overruling the motion to set aside the summons and service, see *Eastes* v. *Eastes*, 79 Ind. 363.

The judgment is affirmed, at the costs of appellant.