No. 13,696.

MOORE ET AL. *v.* GLOVER.

SUMMONS.—*Precipe for.—Endorsement on Complaint.—Statute.*—An endorsement on a complaint, "Clerk will docket this cause for trial January 10th, 1887, and issue summons returnable that date," signed by the plaintiff's attorneys, is in substantial compliance with the provisions of section 516, R. S. 1881, and authorizes the issuance of a summons and fixes the day at which it shall be made returnable.

SUPREME COURT.—*Practice.—Pleading.*—When the sufficiency of a complaint is first attacked in the Supreme Court, the question of its sufficiency has relation only to the time at which judgment was rendered upon it, and to the form in which it is found in the record.

PRACTICE.—*Pleading.—Demurrer.—Abandonment of.*—A demurrer to a complaint will be deemed to be abandoned, where the defendant files an answer without first requiring a decision on the demurrer, and such party will be precluded from thereafter making any question upon it.

TRIAL BY JURY.—*Waiver of.*—The right to a trial by jury is waived by a party who fails to appear to the action at the time of the trial.

SAME.—*Foreclosure of Mortgage.—Equitable Jurisdiction.*—The foreclosure of a mortgage is a matter of exclusively equitable jurisdiction; and in such proceeding a jury can not be demanded.

EVIDENCE.—*Endorsement of Recorder on Deed or Mortgage.*—An endorsement made and signed by a recorder, on a deed or mortgage, stating the date of the reception of the instrument for record and the fact of its being recorded in a certain book, may, in the absence of better evidence, be read in evidence touching the matters to which it relates, in connection with such instrument.

From the Warrick Circuit Court.

*J. A. Moore* and *C. E. Barrett*, for appellants.

*J. S. Buchanan* and *C. Buchanan*, for appellee.

NIBLACK, J.—On the 28th day of November, 1884, Mrs. Mattie Charles became indebted to Mrs. Lucinda C. Glover, in the sum of three thousand dollars, and she, on that day, in conjunction with her husband, Willis Charles, executed to Mrs. Glover her promissory note for that sum, payable one year after date at the Evansville National Bank, with eight per cent. interest from date, and attorney's fees. To secure the payment of this note, Mrs. Charles, at the same time, executed a mortgage on three lots in the city of Evansville, which were her separate property. Willis Charles, the husband, also joined in the execution of this mortgage. These lots were afterwards sold and conveyed by Mrs. Charles and her husband to Edwin Walker, and were by him sold and conveyed to Silas Rhoads. Rhoads in turn sold and conveyed the lots to John W. Compton, who afterwards sold and conveyed the same to Joseph A. Moore. All the conveyances were subject to the mortgage executed by Mrs. Charles and her husband as above. The conveyance from Compton to Moore specified that the property was subject to an encumbrance of three thousand and seventy dollars.

Moore went into and still continues to be in possession of the mortgaged property.

On the 23d day of December, 1886, Mrs. Glover filed her complaint in the superior court of Vanderburgh county, praying for judgment on the note given to her by Mrs. Charles and her husband as stated, and for a foreclosure of the mortgage which was executed to secure its payment, and making the said Mattie Charles and Willis Charles, Edwin Walker, John W. Compton, Joseph A. Moore and Mary S. Moore, the wife of Joseph A. Moore, defendants to the suit.

At the time the complaint was filed it had upon it the following endorsement: " Clerk will docket this cause for trial January 10th, 1887, and issue summons returnable that date. J. S. & C. Buchanan, Att'ys for Pl'ff."

After the time named for the return of the summons, Moore and wife entered a special appearance to the action, and moved to " set aside, suppress and quash the summons and the service thereof," upon the ground that the endorsement on the complaint, set out as above, was not a substantial compliance with the provisions of section 516, R. S. 1881, and that hence the summons had been improvidently issued, but their motion was overruled.

Moore and wife then filed a demurrer to the complaint, but before any decision was made upon their demurrer they answered in denial, and also setting up special matters in defence, and the plaintiff replied in denial of such special matters. Compton also answered in denial of the complaint.

Thereupon, on the application of Moore, the venue was changed and the cause was sent to the Warrick Circuit Court for trial, where the papers and a transcript of the proceedings which had been had in the superior court of Vanderburgh county were filed on the 11th day of February, 1887.

On the 9th day of March, 1887, which was the third judicial day of the March term of the Warrick Circuit Court of that year, the cause was called and, no one appearing for

the defendants, a default was entered against Mrs. Charles, Willis Charles and Edwin Walker, and, the cause being, on motion of the plaintiff, submitted to the court for trial on the issues formed between the plaintiff and the defendants Moore and wife and Compton, and the default of the remaining defendants, and the evidence being heard, the court found that there was due to the plaintiff on the note described in the complaint the sum of three thousand three hundred and fifty-nine dollars, and that the plaintiff was entitled to have the mortgage foreclosed for the payment of the sum of money so found to be due.

A personal judgment was thereupon rendered against some of the defendants other than Moore, and a decree of foreclosure was entered against all the defendants.

Later in the term, that is to say, on the 21st day of March, 1887, Moore appeared in the Warrick Circuit Court, and, upon his petition in writing, representing under oath that neither he nor his attorney had ever received any notice that the cause had been set down for trial, or would be called for trial on the preceding 9th day of that month, and that the court had been misled by an assurance that there was no defence to the action, moved the court to set aside the judgment and decree entered in the cause, and to grant him leave to defend the action on its merits. This motion being overruled, Moore moved for a new trial for the alleged cause, amongst others, that the finding made at the hearing was not sustained by sufficient evidence, and that motion was also denied.

Although the names of all the defendants below are used as appellants here, Joseph A. Moore is, for all practical purposes, the only appellant, since he was the only defendant who reserved exceptions to the proceedings below in any matter having the semblance of materiality. Error is, nevertheless, assigned in the name of all who were defendants in the courts below upon the alleged insufficiency of the complaint to support the judgment and decree which rest

Moore *et al. v.* Glover.

upon it.   As against the sufficiency of the complaint, the
point is made that neither the note nor mortgage was with
the complaint when it was filed, and that, therefore, it was
then an insufficient complaint and so continued to be, as no
formal amendment was afterwards made to it.   In referring
to the note and mortgage the complaint said : " Copies of
said mortgage and note are filed herewith and made part
·hereof, marked exhibits A and B."   We find the mortgage
and note copied into the transcript before us, immediately
succeeding the complaint, marked as exhibit A and exhibit
B, respectively.   On the margin of the transcript opposite to
the mortgage there is a memorandum, purporting to have
been made by the proper clerk, that the mortgage or a copy
was filed January 17th, 1887.   On the margin opposite the
the note there is a similar memorandum indicating that the
note or a copy was filed on the 27th day of January, 1887.
Notwithstanding these memorandums, the mortgage and note
may have been deposited with the clerk when the complaint
was filed, and hence, in legal contemplation, then filed, but
however that may have been, they were filed in time to com-
plete the sufficiency of the complaint some time before the
cause was called for trial, as well as before judgment was
pronounced upon it.   When the sufficiency of a complaint
is first attacked in this court, the question of its sufficiency
has relation only to the time at which judgment was rendered
upon it, and to the form in which it is found in the record.

A complaint, in common with other pleadings, is, in a
general sense, open to amendment until the close of the trial,
and all amendments which may have been made during the
progress of the cause will be presumed to have been made
by leave of the court.   Section 396, R. S. 1881.

Moore, on his own behalf, assigns error upon the refusal
of the superior court of Vanderburgh county to quash the
summons, and in support of his assignment repeats the rea-
sons urged by him in presenting his motion below.

No substantial objection to the sufficiency of the endorse-

ment made on the complaint has been pointed out, and we see no reason for holding that it did not authorize the issuance of a summons and fix the day at which it should be made returnable. This view is fully sustained by the case of *Johnson* v. *Lynch*, 87 Ind. 326.

Moore also makes the point that his demurrer to the complaint ought to have been sustained. But, as has been shown, he answered without first requiring a decision upon his demurrer. That was a practical abandonment of the demurrer and precluded him from thereafter making any question upon it. 1 Works Practice, section 539.

Moore further complains that as no day had been previously fixed for the trial of the cause, his failure to be present either in person or by counsel when it was called and tried, was an excusable neglect, and that, under such circumstances, the court below ought to have set aside its finding and judgment against him, and thus allow him the benefit of a full defence to the action.

For aught that appears in Moore's application to have the finding and judgment set aside, or in any other part of the record, the cause may have regularly stood for trial on the docket for the day on which it was called and disposed of, and was hence reached for trial in its proper order. Section 518, R. S. 1881. Besides, when a cause is called on the second, or some subsequent day of the term, for issues or trial, and there is no appearance for the defendant, the cause may be proceeded with in his absence. Sections 400, 401, 403, R. S. 1881. But Moore made no showing of a meritorious defence. He is, therefore, not in a position to complain that he was not permitted to defend, in the absence of an affirmative allegation that he had a real defence.

Moore still further complains that, under the Constitution and laws of the State, he was entitled to have had the cause tried by a jury; that, in consequence, the Warrick Circuit Court erred in trying the cause, in his absence, and upon its own motion, without a jury, and that, for that reason, if for

no other, the finding and judgment against him ought to have been set aside.

In the first place, Moore waived his right to a trial by a jury by his failure to appear to the action at the time of the trial. Section 550, R. S. 1881. In the next place, the foreclosure of a mortgage is a matter of exclusively equitable jurisdiction, and hence the proceeding was one in which Moore had no right to demand a jury. R. S. 1881, section 409; *Rogers* v. *Union Central Life Ins. Co.*, 111 Ind. 343.

The mortgage in suit had the following endorsement upon it which had been made and signed by the recorder of Vanderburgh county : "Received for record the 1st day of December, 1884, at 11 o'clock A. M., and recorded in record 19, page 417," and this endorsement was, with the mortgage, read in evidence at the trial.

This was the only thing introduced as evidence which could be construed as tending to prove that the mortgage had been recorded.

It is insisted that there was at the time, and still is, no law in this State either authorizing or requiring such an endorsement as that so read in evidence to be made upon a deed or mortgage when it has been recorded, and that, in consequence, the endorsement neither proved, nor tended to prove, any fact recited by it.

Although there is, perhaps, and probably has been, no law expressly authorizing or requiring such an endorsement to be made upon a deed or mortgage, such and similar endorsements are, and from an early period have been, made in accordance with a long and firmly established practice in this State, and, when made, they become an incidental and proper appendage to the instruments upon which they are respectively entered, and, in the absence of better evidence, may be read in evidence touching the matters to which they relate, in connection with the instruments to which they are attached.

The endorsement read in evidence in this case was so read in the absence of the defendants below, and without objec-

tion from any person acting on their behalf, or on behalf of any one of them. Having been so read in evidence, the endorsement tended to prove that the mortgage had been recorded as of the date at which it was received for record. Besides, there was evidence from which the circuit court might reasonably have inferred that the encumbrance named in the deed from Compton to Moore had reference to the mortgage sought to be foreclosed, and that hence Moore had actual notice of the existence of the mortgage at the time of his purchase of the mortgaged property.

The judgment is affirmed, at the costs of the appellant Moore.

Filed March 22, 1888; petition for a rehearing overruled June 23, 1888.