CENTRAL BANK OF WEST LEBANON *v*. MARTIN.

[No. 9,570.  Filed November 26, 1918.  Rehearing denied January 31, 1919.  Transfer denied June 5, 1919.]

1. INSURANCE. — *Casualty Insurance Companies.* — *Investments.* — *Proceeds from Sale of Stock.*—*Statute.*—Under §4769 Burns 1914, Acts 1909 p. 281, prescribing how casualty companies shall invest the money received from the sale of their capital stock, such a company is not prohibited from depositing any of its funds in banks, and taking therefor certificates of deposit, payable either

on demand or on a day specified, until such time as investments in accordance with the statute may be made, or from assigning notes given for the purchase price of stock, and receiving certificates of deposit therefor. p. 391.

2. INSURANCE. — *Casualty Insurance Companies.* — *Investments.* — *Proceeds from Sale of Stock.*—*Rights of Stockholder.*—*Statute.*— While the investment by a casualty company of money received from the sale of its capital stock in securities other than those named in §4769 Burns 1914, Acts 1909 p. 281, would be wrongful, yet the transaction would not be void, but merely voidable, and, though a stockholder injured thereby might find a way in a court of equity to protect his rights, he cannot defend an action on his note given to such company for stock and assigned to plaintiff bank in return for its certificate of deposit on the ground that the transaction constituted an unlawful investment of the proceeds from the sale of the capital stock of the company. p. 392.

3. PLEADING.—*Answer.*—*Sufficiency.*—If an answer is good on any theory, it is error to sustain a demurrer thereto. p. 393.

4. PLEADING.—*Answer.*—*Indefiniteness.*—*"Pretended" Corporation.* —In an action on a note assigned by a casualty insurance company, a reference in a paragraph of answer to the assignor as a "pretended" corporation cannot, in the absence of the facts being pleaded, have any weight as against an averment that such company purports to have been organized under the statute. p. 393.

5. PLEADING.—*Conclusion of Law.*—In an assignee's action on a note, an averment that assignor corporation had no power to assign the note states a proposition of law, since the powers of a corporation are determined by law. p. 393.

6. PLEADING.—*Pleading Conclusions of Law.*—*Statute.*—The provision of §343a Burns 1914, Acts 1913 p. 850, authorizing the pleading of conclusions, subject only to a motion to make more specific, means a conclusion of fact, and does not warrant the pleading of a pure conclusion of law. p. 393.

7. APPEAL.—*Matters Reviewable.*—*Assignments Not Involved in Judgment.*—Assignments of error not involved in the judgment rendered cannot be considered on appeal. p. 394.

From Carroll Circuit Court; *James P. Wason,* Judge.

Action by the Central Bank of West Lebanon against William O. Martin. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*C. R. Pollard* and *Rabb, Mahoney & Fansler*, for appellant.

*Benjamin F. Long, Charles E. Yarlott, Paul M. Souder, George W. Julien* and *L. D. Boyd*, for appellee.

This action was instituted by appellant against appellee to recover on a promissory note. It is averred in the complaint that Martin executed his promissory note to the Columbia Casualty Company, by the terms of which he promised to pay to the order of said company, at Farmers and Merchants Bank, of Logansport, Indiana, the sum of $500, with interest and attorney's fees, and that the Columbia Casualty Company indorsed said note to the plaintiff.

Defendant answered in thirteen paragraphs, the first being a general denial.

Plaintiff demurred to all paragraphs of answers except 1, 3, 4 and 8. The demurrer was sustained to paragraphs 2 and 11, and overruled as to others. Plaintiff replied to all said affirmative paragraphs, which did not go out on demurrer, excepting the tenth. On defendant's motion the court ordered plaintiff to reply to the tenth. Plaintiff refused to comply with the order, and thereupon judgment was rendered against plaintiff on its refusal to plead further.

The errors assigned challenge the ruling on the demurrers to the sixth, seventh, tenth and thirteenth paragraphs of answer.

The tenth paragraph of answer is in the following language: "For a tenth and further paragraph of answer herein, defendant says that the Columbia Casualty Company, to which the note sued on herein was given, was at said time a pretended corporation, purporting to be organized under the laws of the State

of Indiana, relating to corporations organized for the purpose of writing policies of health, accident and casualty insurance. That the note sued on was given by defendant to said Columbia Casualty Company in payment for certain shares of the capital stock of said Columbia Casualty Company which were thereafter to be issued. That within a few days after the execution and delivery of said note by defendant to the Columbia Casualty Company, said Columbia Casualty Company made an arrangement and agreement with plaintiff herein to transfer, assign and exchange said note for a certificate of deposit of said bank, bearing no interest, and becoming due and payable after the maturity of said note. That the assignment, endorsement and transfer of said note to the plaintiff herein as alleged in plaintiff's complaint, was made pursuant to the aforesaid arrangement and agreement between plaintiff and said Columbia Casualty Company. That by said exchange of said note for said certificate of deposit of said bank said Columbia Casualty Company was attempting to invest its funds in said certificate of deposit and so notified said plaintiff at said time, and plaintiff at the time of exchanging its said certificate of deposit for said note knew and understood that said Columbia Casualty Company was making an investment of its funds in said certificate.

"That plaintiff at said time well knew and understood the purpose for which said Columbia Casualty Company was organized or pretended to be organized, and knew and understood that under the statutes of the State of Indiana, relating to such corporations, no such investment of its funds was authorized to be made, and knew that such investment was wholly unauthorized and illegal.

"Defendant further says that said Columbia Casualty Company at said time had no power or authority of any kind or character to transfer, endorse or assign said note in the manner done as aforesaid. That it had no right, power or authority to invest any of its funds or property in a certificate of deposit or certificates of deposit of said plaintiff. That said Columbia Casualty Company had no right, authority or power at said time or at any time to endorse, transfer or assign said note for the consideration, upon the terms and conditions hereinbefore set out and which were the terms and conditions upon which said transfer was made. That said Columbia Casualty Company received no other consideration whatever for the transfer of said note, except said certificate of deposit, as hereinbefore set out. That said endorsement, assignment and transfer of said note so made, was wholly void and plaintiff thereby acquired no right, title or interest of any kind or character in and to said note, and now has no right, title or interest of any kind therein."

Dausman, J.—Appellee has informed this court that: "The theory of the 10th paragraph of answer is that the trading of the note in question to appellant by Columbia Casualty Co. for a certificate of deposit of appellant was an unlawful investment of the capital stock of that corporation."

In support of his theory appellee contends that the transaction was unlawful because in contravention of §4769 Burns 1914, Acts 1909 p. 281, which prescribes how casualty companies shall invest the money received from the sale of their capital stock. But there is nothing in the statute which prohibits these companies from depositing any of their

funds in banks, and taking therefor certificates of deposit payable either on demand or on a day specified, until such time as investments in accordance with the statute may be made. There is nothing in this paragraph of answer which conclusively fixes the character of the transaction as an investment in contradistinction to a deposit. The averments of this paragraph may be true, and yet, in contemplation of law, the transaction may have been nothing other than the making and receiving of a deposit. The essential nature of the transaction is not altered by merely characterizing it as an attempt "to invest its funds in said certificate of deposit." With as much reason it may be said that every deposit evidenced by a certificate issued by a bank is an investment in the certificate. Furthermore, if the company should 2. actually invest money received from the sale of capital stock in securities other than those named in the statute, such conduct would be wrongful, but the transaction would not be void. At the utmost it would only be voidable. In that event appellee might find in a court of equity a way to protect his rights as a stockholder; but he cannot do so in this action. *Wright* v. *Hughes* (1889), 119 Ind. 324, 21 N. E. 907, 12 Am. St. 412. Assuming that the casualty company is a corporation, the statute does not undertake to prohibit it from transferring its commercial paper, and the consequences of an assignment of commercial paper by a corporation are no different than they would be in the case of a natural person. 10 Cyc 1121.

(2) Appellee contends also that the assignment of the note is void because the casualty company is a

"pretended" corporation, and in support thereof directs our attention to §4045 Burns 1914, Acts 1895 p. 255. This contention is not in harmony with the acknowledged theory of the pleading. Nevertheless it is our duty to consider it; for, if the pleading be good on any theory, it would have been error to have sustained the demurrer. But the difficulty with this contention is that there is no averment in the pleading on which it can rest. Appellee relies primarily on the word "pretended" as a foundation for this contention. But what is the effect of the adjective "pretended"? The significance of the word is so vague and ambiguous that it does not inform either the court or the adversary party of any specific thing on which appellee relies for a defense. Does he mean that the casualty company is not a *de jure corporation?* Still it may be a *de facto* corporation. But whether it be a *de jure* corporation or a *de facto* corporation or no corporation at all depends on the facts, and the failure to disclose the facts is fatal. The word "pretended" can have no weight whatever as against the averment that the company purports to have been organized under the statute.

Finally, we come to the bald averment that the casualty company had no power to assign the note. Clearly this averment states a proposition of law, for the powers of a corporation are determined by the law. Even under the lax provisions of §343a Burns 1914, Acts 1913 p. 850, (if said section be constitutional), it is not permissible to plead a proposition or a conclusion of law. From time immemorial it has been the function of the pleadings to disclose the facts constituting

the cause of action or the ground of defense. It is a trite observation that when making up issues the court must look to the pleadings for the facts, and must look to the books for the law. Chitty, Pleadings chs. 3, 6; 31 Cyc 49. Our Code of civil procedure provides that the complaint shall contain a statement of the facts constituting the cause of action; that the defendant may demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action; that the plaintiff may demur to the answer on the ground that it does not state facts sufficient to constitute a cause of defense; and that the defendant may demur to any paragraph of the reply on the ground that it does not state facts sufficient to avoid the paragraph of answer. It clearly appears that the theory of the Code is that the pleadings shall deal only with facts. It must be presumed that by enacting said §343a, *supra,* the legislature did not intend to abrogate the other provisions of the Code, but did intend that said section should be construed so as to harmonize as nearly as may be with the established fundamental rules of pleading. We hold, therefore, that the provision of said section which authorizes the pleading of a conclusion, subject only to a motion to make more specific, means a conclusion of fact, and that it does not warrant the pleading of a pure proposition or conclusion of law.

The demurrer to the tenth paragraph of answer should have been sustained.

7. We cannot consider the other assignments of error for the reason that they are not involved in the judgment rendered.

The judgment is reversed; and the trial court is directed to sustain the demurrer to the tenth paragraph of answer.