## NATIONAL GLUE COMPANY *v.* THRASH ET UX.

### [No. 10,648.    Filed October 11, 1921.]

1. NUISANCE.—*Complaint.—Sufficiency.—Damage to Freehold. —Allegation of Ownership to Equity.*—In an action to recover damages for an injury to the freehold due to an alleged nuisance, ownership of an equity in the land is insufficient to entitle plaintiff to a recovery. p. 383.

2. PLEADING.—*Complaint.—Conclusion of Law.—Allegation of Ownership of Equity in Land.*—An action to abate an alleged nuisance and to recover damages, an allegation that plaintiffs are the owners of an equity in the land involved, without giving the facts upon which the claim to the alleged equity is based, *held* a mere legal conclusion. p. 383.

3. PLEADING.—*Complaint.— Allegation of Injuries.— Sufficiency on Motion to Make More Specific.*—In an action for damages caused by the operation of defendant's glue factory, alleged to constitute nuisance, an allegation in the complaint that "plaintiffs have sustained damages by reason of the injury of their health and their family," without setting out the extent and manner of the injury, *held* insufficient as against a motion to make more specific. p. 384.

4. NUISANCE.—*Public Nuisance.—Recovery by Individual.—Special Injury.*—One seeking to recover damages sustained by reason of a nuisance endangering the health of the community must show that he has sustained special injury not common to the public generally. p. 384.

From Johnson Circuit Court; *Fremont Miller,* Judge.

Action by Walter M. Thrash and wife against the National Glue Company. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*Lew Wallace,* for appellant.

*W. S. Henry* and *Frank Williams,* for appellees.

ENLOE, C. J.—This was an action by appellees against

appellant to recover damages, and for injunction abating an alleged nuisance. The appellant owns and operates a plant for the manufacture of glue, on West Fourteenth street in the city of Indianapolis, and the property in which appellees live is situate on Thirteenth street in said city, and about one city block distant from said glue factory.

The averments of the complaint material to a consideration of the questions presented on this appeal, were as follows:

"That these plaintiffs are joint owners of a certain equity in the following described real estate, same being Lot No. 37, in Braden's subdivision of Bret Bradden & Company's addition to the city of Indianapolis, Marion County, State of Indiana, of the value of sixteen hundred ($1600) dollars.

"That from the operation of the said defendant company's business and factory above mentioned, * * *, the air immediately surrounding the said defendant company's place of business, extending to and affecting these plaintiffs' property, becomes impregnated with obnoxious stinks and poisonous airs, which obnoxious stinks and poisonous airs deprive these plaintiffs from the free use, occupancy and enjoyment of their said property.

"That by reason of the obnoxious odors emitting from the defendant's factory, and by reason of these plaintiffs' property being located in said community, where said odors effect the same, plaintiffs say that said operation of said business in said location is a nuisance, and that the same should abate, and that said defendant company should be permanently enjoined from the operation of said business upon the premises above mentioned, and that said plaintiffs have sustained damages by reason of the injury of their health and the health of their family, and the damages sustained to

their property value, in the sum of sixteen hundred ($1600) dollars."

The appellant filed its motion to require this complaint to be made more specific, in certain designated particulars, which motion was by the court overruled, and appellant then demurred to the complaint for want of facts, and filed its memorandum of deficiencies, as required by the statute. This demurrer was also overruled. Exceptions were duly taken to each of the aforesaid rulings. Appellant then filed its answer in general denial and the same was submitted to the court for trial, resulting in a finding in favor of appellees, and judgment in their favor in the sum of $400 and costs. There was a motion for a new trial which being overruled, this appeal is prosecuted. The errors assigned and presented challenge the correctness of the action of the court in: (1) Overruling the motion to make complaint more specific; (2) overruling the demurrer to the complaint; and (3) overruling motion for a new trial.

The two specifications in the motion to make more specific, which we consider of any importance, relate to the allegations of ownership of said property, and of injury to the health of appellees.

The averment of the complaint as to ownership of said property was: "These plaintiffs are the owners of a certain equity in the following described real estate," and, based upon this, they asked for "damages sustained to their property values." To say that a party has an "equity" in and to certain lands, is stating the matter very indefinitely. Also, unless the facts are stated out of which such "equity" is supposed to arise, an allegation that a party has an "equity," is simply an allegation of a legal conclusion, and therefore insufficient, as an allegation of interest in said premises. *Central Bank, etc.* v. *Martin* (1918), 70

.Ind. App. 387, 121 N. E. 57.   If the appellees were seeking damages, as for an injury to the freehold—the property itself—then they must have more than an "equity" in and to said premises, as their interest upon which to found their action.

The said complaint also avers:   "That said plaintiffs have sustained damages by reason of the injury of their health and of their family."   As to this allegation, the motion to make more specific addressed thereto asked that the plaintiffs be required to set out to what extent, and in what manner, the health of appellees, and of any member of their family, had been or will be injured by reason of the matters alleged in said pleading.

The allegation concerning the injury to health was an allegation of a matter, which, if true, might become a distinct basis for relief.   It was an allegation concerning matters of which the appellees had a peculiar knowledge, and of which, under the averments of this complaint, the appellant could not be charged with having knowledge.   We are of the opinion that the motion to make more specific, under the facts and circumstances disclosed by the pleadings in this case, should, in the particulars above noted, have been sustained.

Was the complaint sufficient as against the demurrer interposed?

Under the allegations of the complaint, the appellees were not the owners of the freehold, and were not therefore entitled to recover damages, as for an injury thereto. The complaint does not even allege that they were "in possession" of said premises, and they were not therefore entitled to recover anything as damages, as for an interference with their possession, or quiet enjoyment of said premises. It is true that there is the general allegation that the "plaintiffs have sustained damages by reason of the injury to their health," but

this is not sufficient. There is an averment in the complaint that the conditions surrounding the plant of appellant "endangered the health and happiness of the community," so in the absence of a specific averment as to specific and special injury sustained by the appellees, we must presume that the injury of which they complain was one affecting the community generally. Special injury, one not common to the public generally, is necessary before an action on their behalf can be sustained. *Haggart* v. *Stehlin* (1893), 137 Ind. 43, 35 N. E. 997, 22 L. R. A. 577; *Waltman* v. *Rund* (1884), 94 Ind. 225. The complaint contained no allegation of any negligence in the manner of the management or running of appellant's said factory, and did not state facts sufficient to constitute a cause of action. The demurrer thereto should have been sustained.

Upon the trial of the case, evidence was offered tending to prove that the appellees were in possession of the premises in question. It developed upon the trial that they were in possession of said premises under a contract of purchase, by the terms of which, upon the payment of a small sum in cash, and the monthly payment thereafter of the sum of $12 and interest—which sum appellees agreed to pay—until the sum of $800 had been paid on the purchase price, then the owners of said lot would execute the deed of conveyance to appellees. It was further provided in said contract that, should appellees make default at any time, then all sums paid on said contract should be deemed to have been paid as rental for said property, and as such be retained by the owners thereof, and at the option of such owners all rights of appellees in said lot be at an end. At the time of filing this suit, and at the time of the trial, appellees had no deed for said lot; all rights shown or claimed rested on their occupancy under said contract.

The only testimony offered concerning any damage related to the *value* of said lot.. Several witnesses testified as to the value of the said lot in the situation it was, and gave their estimate as to what its value would be, if it were not affected by the operation of the appellant's factory.   There was no evidence of any other damage suffered.   Not one word as to any damage sustained on account of sickness of appellees or any member of their family, does this record disclose as having been offered in evidence, and we must therefore presume that the judgment in this case was founded upon the alleged damage to said property.   These damages the appellees were not entitled to recover.   *Ottawa Gas Light, etc., Co.* v. *Thompson* (1864), 39 Ill. 599; *Davis* v. *Jewett* (1842), 13 N. H. 88; *Winchester* v. *City of Stevens Point* (1883), 58 Wis. 358, 17 N. W. 3; *Farnsworth* v. *Western Union Tel. Co.* (1889), 53 Hun 636, 6 N. Y. Supp. 735.   It therefore necessarily follows that the assignments in the motion for a new trial that the decision of the court was not sustained by sufficient evidence, and was contrary to law, were well taken and said motion should have been sustained.

The judgment is therefore reversed with directions to the trial court to sustain appellant's motion for a new trial; to sustain appellant's demurrer to the complaint, and for further proceedings not inconsistent with this opinion.