GEORGE ET AL *v.* MASSEY HARRIS COMPANY

[No. 16,551. Filed June 24, 1941.]

*William E. Bussell* and *W. Dale Rafferty,* both of Greenfield, for appellants.

*George F. Dickmann* and *Samuel J. Offutt,* both of Greenfield, for appellee.

BLESSING, C. J.—Action to recover indebtedness due appellee under a contract by which Grover George and Ethel George, herein referred to as appellants, agreed to purchase, and under which they did purchase, from appellee certain farm implements and farm tractors in the name of George and Spratt Implement Company, with their place of business in the city of Greenfield, Indiana.

The complaint is in a single paragraph, and, so far as material to the questions presented, alleges in substance: That on January 31, 1936, appellants entered into a contract in writing with appellee by which they agreed to purchase, and thereafter did purchase, certain farm implements and farm tractors from appellee, and made

certain payments on the indebtedness incurred thereby. That at times, notes were given by said George & Spratt Imp. Co. to evidence parts of said indebtedness. That to evidence part of said indebtedness, a note in the sum of $121.00 was given by appellants under the name of George & Spratt Imp. Co., Wm. W. Spratt, Jr. That on April 7, 1937, there was owing from appellants to appellee under the contract, in addition to a balance on the $121.00 note, the sum of $3322.47; and on that date, the appellants paid appellee by delivering to appellee certain goods and merchandise of the agreed value of $1175.15, leaving a balance owing on the indebtedness of $2052.32. That on said April 7th, a note in the amount of $1957.32 was given by appellants, by and under the name of George & Spratt Imp. Co., evidencing an indebtedness in like amount, with interest and attorney fees; and to secure the payment of said note, the appellants on the same date, by and under the name of George & Spratt Imp. Co., executed and delivered to appellee a certain chattel mortgage on personal property described in the mortgage, which mortgage was duly filed in the recorder's office of Hancock County, Indiana. That the balance of the indebtedness in the amount of $95.00 was not evidenced by any note. That the total indebtedness in amount of $2124.00 is due and unpaid; and that a reasonable attorney fee is $200.00.

Copies of the contract, notes, and mortgage, and bill of particulars are filed as exhibits; and judgment for $2500.00 against appellants and the foreclosure of mortgage are prayed.

The appellants first moved to separate the complaint into paragraphs and this motion was overruled. Appellants then separately demurred to the complaint upon four separate grounds, in substance: (1) No legal capacity to sue; (2) defect of parties defendant, in

that William W. Spratt, Jr. is a necessary party; (3) misjoinder of causes of action; and (4) insufficiency of facts. Each demurrer is accompanied by memorandum. Both demurrers were overruled, and appellants answered the complaint: (1) General denial; (2) plea of payment of contract obligations; and (3) settlement of indebtedness under contract by execution of the $1957.32 note and mortgage. Appellants also filed a second amended counterclaim in one paragraph for breach of contract by appellee. The affirmative issues were closed by answer of general denial.

Before call for trial, the appellant Ethel George filed the following motion and request for trial by jury:

"Comes now Ethel George, one of the defendants in the above entitled cause of action prior to the beginning of trial, who respectfully moves that the issues formed in said cause be submitted to trial by jury, and if the court finds that not all of said cause is triable by a jury that the plaintiff be ordered to separate their complaint into separate paragraphs in order that all issues of fact triable by jury may be submitted in the manner as such issues are triable by a jury, and as may be directed and determined by the court."

This request was overruled.

A trial by the court resulted in a general finding for appellee and judgment against the appellants for $2199.43, including attorney fees, and a decree foreclosing mortgage.

Separate motions for new trial were filed, each challenging the decision of the court as not sustained by sufficient evidence, and as being contrary to law, and the amount of recovery. The motion of appellant Ethel George contains the additional ground that:

"The court erred in overruling the separate motion of the defendant Ethel George, requesting

a trial by jury of all the issuable facts in said cause triable by jury."

Separate errors are here assigned by appellants questioning the rulings of the court on motion to separate, the separate demurrers to the complaint, and the separate motions for new trial. In addition, the appellant Ethel George assigns as independent error the overruling of her motion requesting trial by jury.

The overruling of a motion to separate a complaint into paragraphs is not cause for reversal, even though sufficient reasons exist for asking such separation. *Sweigart* v. *State* (1938), 213 Ind. 157, 162, 12 N. E. (2d) 134.

The separate demurrers are jointly discussed in appellants' brief. The first ground of each demurrer is expressly waived.

The appellants contend that there is a defect of parties defendant, in that William W. Spratt, Jr. is a necessary party defendant to a complete determination of plaintiff's cause of action. Appellants base their contention upon the fact alleged which shows that the $121.00 note was executed by George & Spratt Imp. Co., Wm. W. Spratt, Jr.

When a complaint shows a defect of parties plaintiff or defendant, the question may be raised by demurrer; but where the defect is not apparent upon the face of the complaint, the question must be raised by verified plea in abatement. Section 2-1007, Burns' 1933, clause 4; *Western Union Tel. Co.* v. *State, ex rel.* (1905), 165 Ind. 492, 509, 76 N. E. 100.

It is not shown on the face of the complaint that William W. Spratt, Jr. is a necessary party. The contract expressly provides that appellants are bound by the acts of Wm. W. Spratt, Jr. in all respects as if performed by the appellants in person. It is fair to assume, in

the light of this provision of the contract, that Wm. W. Spratt, Jr. signed the note, not to bind himself, but as the agent of appellants. In any event, the note is several; and if it were construed as his note along with the company, he would not be a necessary party. The holder of a note may sue the whole or any number of the parties liable to such holder. Section 19-1915, Burns' 1933.

The court did not err in overruling the demurrers on this ground.

Section 2-1009, Burns' 1933, provides:

"No judgment shall ever be reversed for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action."

The statute prohibits the reversal of a judgment for any error in overruling a demurrer for misjoinder. *Sweigart* v. *State* (1938), 213 Ind. 157, 162, 12 N. E. (2d) 134.

The alleged defects, pointed out in that part of the memorandum accompanying the demurrers and directed to the insufficiency of facts, not waived by failure to discuss, are: (1) Plaintiff's complaint fails to allege any facts to show who constitute the firm or partnership of George & Spratt Imp. Co.; and (2) plaintiff's complaint fails to proceed upon one certain and definite theory.

Facts are alleged in the complaint which show that the appellants incurred certain indebtedness under their contract with appellee while transacting business in the name of George & Spratt Imp. Co.; and that certain instruments were executed to evidence such indebtedness and to secure the payment thereof in the name of George & Spratt Imp. Co. in connection with that business. The appellants filed no plea of *non est factum* denying the execution of the instruments sued on although they are set out as exhibits

to the complaint, and this amounts to an admission of their execution. *Isgrig* v. *Franklin Nat. Bank* (1913), 53 Ind. App. 217, 221, 101 N. E. 398.

If the complaint be good on any theory it would have been error to have sustained the demurrer. *Central Bank, etc.* v. *Martin* (1919), 70 Ind. App. 387, 393, 121 N. E. 57.

The court did not err in overruling the demurrers.

No question is presented by the third assigned error of appellant Ethel George that, "the court erred in overruling the motion of the appellant, Ethel George, requesting a trial by jury."

The refusal to grant a trial by jury is a cause for new trial and cannot properly be assgned as independent error. *Childers* v. *First Nat'l Bank of Jeffersonville* (1897), 147 Ind. 430, 436, 46 N. E. 825.

Appellant Ethel George has set out as the first ground of her motion for new trial that:

"The court erred in overruling the separate motion of the defendant, Ethel George, requesting a trial by jury of all the issuable facts in said cause *triable by a jury.*" (Our italics.)

As shown by the motion filed by appellant Ethel George, requesting trial by jury, the request covered all the issues formed in the cause. If the ground of the motion for new trial quoted, be limited to only those issues triable by jury, then the assignment presents no question because it is not supported by the record. *Williams* v. *Lowe* (1916), 62 Ind. App. 357, 360, 113 N. E. 471; *Cook* v. *Woodruff* (1884), 97 Ind. 134.

On the other hand, if the request be for a trial by jury of all the issues, there was no error in overruling the motion. The cause of action sued on includes the foreclosure of the mortgage. A suit to foreclose a chattel

mortgage was of exclusive equitable jurisdiction prior to June 18, 1852, and under Acts 1881 (Spec. Sess.) ch. 38, § 370, p. 240 (§ 2-1204, Burns' 1933), the issues of law and fact in such cases must be tried by the court. *Brown* v. *Russell & Co.* (1886), 105 Ind. 46, 54, 4 N. E. 428.

The rule is, that whenever any essential part of a cause is exclusively of equitable cognizance, the right of trial by jury does not, obtain, even though certain elements of an action of law may be incidentally involved. *McKinley* v. *Britton* (1913), 55 Ind. App. 21, 28, 103 N. E. 349, and cases there cited.

> If a party, when a cause is submitted for trial, does not demand a jury, he will be regarded as having waived his right to a trial by jury. *Indianapolis Trac. Co.* v. *Brennan* (1909), 174 Ind. 1, 47, 91 N. E. 503.

And, if the request is broader than the relief to which he is entitled, it will not be error to overrule it. *Peden* v. *Cavins* (1893), 134 Ind. 494, 501, 502, 34 N. E. 7.

In the case last cited, our Supreme Court said:

> "The statute, section 409, R. S. 1881, makes some issues triable by the court and some triable by the jury, even when joined in the same action, and a demand for a jury should only include a demand for the trial of such issues as are triable by a jury, and when several issues are joined in a cause, some triable by jury and some by the court, and a demand for a jury to try all the issues is made, it is not error to refuse it."

See also: *Towns* v. *Smith* (1888), 115 Ind. 480, 481, 16 N. E. 811; *Moore* v. *Glover* (1888), 115 Ind. 367, 373, 16 N. E. 163; *Carmichael* v. *Adams* (1883), 91 Ind. 526, 527.

The court did not err in overruling motion requesting trial by jury.

Appellants contend that the decision of the court is not sustained by sufficient evidence, because, as judged by its general tenor and character, appellee's complaint proceeds upon the theory of a suit upon an agency contract to sell tractors and farming implements, while appellee's own testimony conclusively shows that any and all obligations on such contract were fully settled and paid on April 7, 1937, and prior to the institution of this action by the acceptance by appellee of a note for $1957.32 and a chattel mortgage to secure its payment.

Appellants also contend, that by giving credits to which they were entitled on the indebtedness of $1957.32, that the judgment rendered was approximately $325.00 in excess of any amount proven as due the appellee upon any theory.

The complaint and the trial proceeded upon the theory of an action to recover an indebtedness under the contracts alleged, part of which, in accordance with the terms of the contract, had been evidenced by notes, one of which was secured by mortgage. Judgment was asked against appellants and a decree of foreclosure of the mortgage. The execution of the $1957.32 note could not, under the agreement between appellants and appellee, be considered as payment of any of the indebtedness. Appellants are not in position to deny liability on said note. The note drew interest, which, when added to the principal, would make the total amount due, without attorney fees and exclusive of credits, $2243.41. The judgment exclusive of attorney fees was $2049.43. There is some conflict in the total credits to be allowed, which places the province with the trial court of determining the proper credit. The evidence is not such as would warrant this court in disturbing the judgment.

The court did not err in overruling the separate motions for new trial.

Judgment affirmed.

NOTE.—Reported in 34 N. E. (2d) 956.