**STREAM POLLUTION CONTROL BOARD OF the STATE OF INDIANA, Plaintiff,**

v.

**UNITED STATES STEEL, INC., Defendant.**

**No. 73 H 190.**

United States District Court,
N. D. Indiana,
Hammond Division.

Jan. 14, 1974.

Theodore L. Sendak, Atty. Gen., Michael Schaefer, Asst. Atty. Gen., Indianapolis, Ind., for plaintiff.

Henry L. Pitts, James T. Harrington, Chicago, Ill., G. Edward McHie, Hammond, Ind., for defendant.

## MEMORANDUM OPINION

ALLEN SHARP, District Judge.

By way of an amended complaint filed August 9, 1973 the plaintiff, Stream Pollution Control Board of the State of Indiana, brings this action against the defendant, United States Steel Corporation, asserting jurisdiction under 28 United States Code, Section 1331, and under 28 United States Code, Section 1332. This action is to abate the pollution of a navigable stream which is a tributary to interstate waters. The complaint alleges that the defendant is discharging contaminants in said interstate waters and will continue to do so and create a public nuisance unless enjoined by this court. The amended complaint specifies in somewhat technical terms the exact nature of said discharge by the defendant. The amended complaint also alleges that a regulation known as SCP–7R of the plaintiff, Stream Pollution Control Board of the State of Indiana, establishes the maximum level of allowable chemical constituent for cyanide in such interstate waters and that the discharge by the defendant is in excess of said regulation. The amended complaint further alleges

the statutory power of the plaintiff, Stream Pollution Control Board of the State of Indiana, as being IC 1971 13–7–5–1 as found in Burns Indiana Statutes Annotated, Section 35–5218 as amended by Acts 1973 P.L. 126.

On November 21, 1973 Zarko Sekerez filed a motion to intervene as a plaintiff in this action. His motion to intervene filed on that date alleged that he was a citizen of the State of Indiana and that this case involved conduct and programs which had the effect of significantly impairing or polluting the environment of the State of Indiana in which said Zarko Sekerez asserted an interest. No supporting authority was filed with said motion to intervene on November 21, 1973 but a proposed complaint of intervenor was filed which contained allegations generally paralleling the allegations of the plaintiff in its amended complaint. On December 4, 1973 the said Zarko Sekerez amended and supplemented his motion to intervene asserting as authority his paraphrase of 42 United States Code, Section 1857h–2(b).

Again on December 14, 1973 said Zarko Sekerez filed a third pleading in intervention which again contained allegations paralleling the allegations of the plaintiff in its amended complaint and asserted the absolute right to intervene in this case under Title 33, United States Code, Section 1365(b)(1)(B). Additionally, Sekerez alleged an interest in the waters of Lake Michigan as the source of his drinking water and forms of recreation, including swimming and fishing. He also alleged the threat to his family's health. He further alleged the right to intervene in this case pending in the United States District Court under the provisions of Indiana Code IC 13–6–1–1.

■ Indiana Code 13–6–1–1 does not create a right to intervene in this civil action pending in this United States District Court but is limited to intervention in administrative proceedings and judicial proceedings for review thereof. The right to intervene in a civil action pending in a United States District Court is generally governed by Rule 24 of the Federal Rules of Civil Procedure or by a particular federal statute.

33 United States Code, Section 1365(b)(1)(B) states as follows:

"(b) No action may be commenced—

(1) under subsection (a)(1) of this section—

(B) if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right."

Section 1365(f) of Title 33, United States Code states:

"For purposes of this section, the term 'effluent standard or limitation under this chapter' means (1) effective July 1, 1973, an unlawful act under subsection (a) of section 1311 of this title; (2) an effluent limitation or other limitation under section 1311 or 1312 of this title; (3) standard of performance under section 1316 of this title; (4) prohibition, effluent standard or pretreatment standards under section 1317 of this title; (5) certification under section 1341 of this title; or (6) a permit or condition thereof issued under section 1342 of this title, which is in effect under this chapter (including a requirement applicable by reason of section 1323 of this title)."

The amended complaint of the plaintiff makes no reference whatsoever to

effluent standards or limitations under the foregoing sections of the statute for the very good reason that they have not as yet been promulgated.

The regulation which is the subject of this suit, SPC–7R was promulgated before the aforesaid 1972 amendments, in implementing federal water quality criteria established pursuant to the Federal Water Quality Act of 1965 (P.L. 89–234) which amended the prior Federal Water Pollution Control Act as formerly found at 33 U.S.Code, Section 1160(c) which have now been superseded by the comprehensive new act provided by the 1972 amendments. It is well settled that there was nothing in the pre-1972 Federal Water Pollution Act which gave to private parties a right of action to seek abatement based on such regulations. In Higginbotham v. Barrett, 473 F.2d 745 (5th Cir. 1972), a District Court's dismissal of a complaint for injunctive relief and declaratory relief with reference to water pollution in which the plaintiffs, as private individuals, sought to enforce certain provisions of the prior Federal Water Pollution Control Act, 33 U.S.C., Section 1151 et seq. was affirmed. Relevant to this case the court stated:

"Is the interest they [plaintiffs] seek to protect elimination of water pollution near their residences, arguably within the zone of interests to be protected by the Water Pollution Control Act?" 473 F.2d at 748 (bracketed information added)

\*    \*    \*    \*    \*    \*

"The answer is no. There is nothing in the Act which creates a right of action in private parties such as plaintiffs to seek abatement of water pollution . . . There is no suggestion whatever in the Act that it inures to the benefit of persons such as plaintiffs to the extent of providing a basis for suit . . . The import

of the Act is to the contrary; it contemplates action on the part of government and sometimes private industry to control and eliminate pollution. It does not suggest a private Attorney General approach through private suits." 473 F.2d at 748–749.

It is clear that the drafters of the Federal Water Pollution Control Act amendments of 1972 had no intention of creating absolute rights of intervention in cases not based upon effluent standards or limitations promulgated pursuant to the above sections, 33 U.S.Code, Sections 1311, 1312, 1316, 1317, 1341, 1342 and 1323.

It is elementary that statutes which purport to provide remedies in derogation of the common law or which were unknown to the common law must be strictly construed and strictly satisfied. See 26 Indiana Law Encyclopedia Statutes § 177. The right which the movant, Zarko Sekerez, seeks to assert is foreign to the common law. At common law, an individual could not maintain an action to abate a public nuisance unless he alleged and proved special damages and unless he was injured uniquely in kind and degree from the injury, if any, suffered by the public at large. See National Glue Co. v. Thrash, 76 Ind.App. 381, 132 N.E. 311 (1921). Here the movant, Zarko Sekerez, has alleged no special damage and instead seeks to assert by way of intervention a right to abate a public nuisance and a right to collect penalties which are specified by statute to be collected by the sovereign and not by individuals. He relies upon the Federal Water Pollution Control Act amendments of 1972 even though the regulation which is the subject of this suit, SPC–7R, is not a regulation which the 1972 amendments specify may be enforced by a citizen suit or by citizen intervention.

As indicated, the movant, Zarko Sekerez, has asserted an "interest". The provisions of the Federal Water Pollution Control Act amendments of 1972, 33 United States Code, Section 1365(g) state in part: "For the purpose of this section the term 'citizen' means a person having an *interest* which is or may be adversely affected." (emphasis added). The interest which the movant has alleged in this case is basically no different than that of thousands of other citizens. The interests of such members of the general citizenry in this case is represented by the Attorney General of this State who has the statutory duty and authority to do so. There is no suggestion here that the representation of such interests by the Attorney General of Indiana is any manner inadequate. This court finds that the movant has not sufficiently alleged an interest in order to establish an unconditional right of intervention under Rule 24(a)(1) under the Federal Rules of Civil Procedure.

It also appears that the movant has not made the necessary allegations to satisfy the $10,000.00 jurisdictional amount requirement under Title 28 United States Code Annotated, Section 1331 and 1332. Recently, the Supreme Court of the United States again noted this requirement in regard to certain cases involving federal questions and diversity actions. See Zahn v. International Paper Co., 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). In footnote 11 of the *Zahn* opinion the Supreme Court makes it clear that nothing in Illinois v. City of Milwaukee, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972), which modifies the jurisdictional amount requirement.

Therefore, the movant, Zarko Sekerez, has failed in three attempts to allege sufficient facts to establish an absolute and unconditional right to intervene filed herein should be and the same hereby are denied.