WALTER S. RUCKERT, Plaintiff, *v.* HARRIS LASHER, Defendant.

Second Department, June 19, 1924.

Husband and wife — dissolution of marriage under Domestic Relations Law, § 7-a — wife's dower not barred — vendor and purchaser — specific performance of land contract — purchaser may refuse to complete contract on ground that former wife of seller has dower right.

A wife's inchoate right of dower is not forfeited or barred on the dissolution of her marriage under section 7-a of the Domestic Relations Law, and, therefore, a purchaser of land under a contract executed by the husband after the dis-

solution of the marriage in which the former wife of the husband does not join, is justified in refusing to complete the title on the ground that it is subject to the inchoate right of dower of the vendor's former wife.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 546 of the Civil Practice Act.

*William H. Good* [*William J. McDermott* with him on the brief], for the plaintiff.

*A. M. Dreyer,* for the defendant.

RICH, J.:

Plaintiff, on January 28, 1924, entered into a contract with the defendant whereby he agreed to sell, and the defendant agreed to purchase, certain premises situated on the south side of Atlantic avenue, 218 feet 9 inches west of Nevins street, in the borough of Brooklyn, in which contract the plaintiff described himself as unmarried. It seems that an order was entered in the Supreme Court on January 17, 1924, dissolving the plaintiff's marriage with Emily S. Ruckert, pursuant to the provisions of chapter 279 of the Laws of 1922 (Dom. Rel. Law, § 7a). The defendant refuses to accept title from the plaintiff pursuant to the terms of the contract of sale, claiming that the order dissolving the plaintiff's marriage is ineffective to cut off the inchoate right of dower of Emily S. Ruckert in the premises sought to be conveyed.

The sole question presented relates to whether or not an order entered in a proceeding taken pursuant to chapter 279 of the Laws of 1922 operates to extinguish or bar dower. Emily S. Ruckert, upon her marriage to the plaintiff, acquired an inchoate dower right in the real property of the plaintiff which could only be cut off as provided by law. The statute provides that dower is only forfeited (Real Prop. Law, § 196) in case of divorce dissolving the marriage contract for the misconduct of the wife. There is nothing in the statute under consideration (Laws of 1922, chap. 279) providing that an order entered thereunder bars dower. The statute provides a method by which the marriage relation may be terminated. It is in no sense an action for divorce and cannot be so regarded. "*Absence*" cannot be construed as "*misconduct,*" and there is nothing in the statute to indicate that the Legislature intended it to be so construed. The statutory provision forbids the deprivation of the right of dower by implication, and it is only in this manner that the order entered in the proceeding under chapter 279 of the Laws of 1922 could be construed as a forfeiture of it. (*Van Blaricum* v. *Larson,* 205 N. Y. 355.) The right of the wife

**43**

in the husband's real estate is fixed by statute and she can only be deprived of this right by legislative authority.

It follows that the order dissolving the plaintiff's marriage with Emily S. Ruckert did not operate in any way to defeat or forfeit her right of dower, and the defendant is entitled to judgment on the merits.

Present — KELLY, P. J., RICH, MANNING, YOUNG and KAPPER, JJ.

Judgment unanimously directed in favor of the defendant, without costs, upon agreed statement of facts.