Meieb, Stbiítbbiítk, Spec. Ref.
This is an action brought pursuant to article 15 of the Real Property Law to compel the determination of a claim to real estate. Specifically, plaintiffs seek judgment that defendant and anyone claiming under her have no claim or right in the real estate by reason of dower or otherwise; alternative relief is also sought if necessary.
The facts are not in dispute and have largely been stipulated. On September 1, 1927 defendant’s husband acquired title to the property in question subject to an existing mortgage for $5,000 and a purchase-money second mortgage for $1,900 in which defendant joined. Defendant thus acquired an inchoate right of dower in the property subject to the encumbrances. About 1932 she was committed to a State institution as mentally ill. She has never been adjudged incompetent nor has a committee been appointed for her. On October 27, 1936 defendant’s husband conveyed to Bronislawa Zagorski, plaintiffs’ predecessor in title, the premises in question subject to the then existing liens of the first and second mortgages and to unpaid taxes amounting in all to $8,904.35. Defendant did not join in the deed; she was then and now is in a State institution for the mentally ill. The assessed valuation of the property in 1936 was $6,000. The conveyance was to Bronislawa Zagorski, who with her husband were the "holders of the first and second mortgages and was in lieu of a foreclosure of the mortgages then in default. Thereafter the grantee and her successors in interest made substantial improvements to the property.
In June, 1944 defendant’s husband was granted an annulment of his marriage to her upon the ground of her incurable insanity for five years, In 1949 he died, By his death defendant’s *425 inchoate right of dower became choate unless the intervening annulment for insanity destroyed that right. That question will be discussed later.
Section 460 of the Beal Property Law, as it was in effect in 1949 and until amended in 1954, provided that an action for dower must be commenced by a widow within 20 years after the death of her husband, but if she was insane the period of such disability was not part of the time limited. The 1954 amendment (L. 1954, ch. 486) reduced this period to two years and made no reference to insanity as tolling the limitation. The present action was begun in December, 1958.
It is plaintiffs ’ contention that any dower right which might have accrued to defendant is barred by section 460 as amended in 1954. I cannot agree. The omission of a specific provision in section 460 tolling the limitation during the insanity of the person entitled to dower does not necessarily mean that there is no such provision elsewhere. Section 60 of the Civil Practice Act provides in effect for a tolling of the limitation during the insanity of the claimant except in an action “ for the recovery of real property ”. An action to admeasure dower is not an action for the recovery of real property.
Plaintiffs also contend that the annulment obtained by the husband in 1944, because of defendant’s incurable insanity for five years (Domestic Relations Law, § 7, subd. 5) extinguished any inchoate right of dower. Counsel has not stated any case directly in point and I have found none. Matter of Moncrief (235 N. Y. 390), relied upon by plaintiffs, involved an annulment upon the ground that the consent of the husband.to that marriage was obtained by fraud and duress (Domestic Relations Law, § 7, subd. 4). It was there held that the annulment relates back to the inception of the marriage. Price v. Price (124 N. Y. 589), also cited, involved an annulment upon the ground of a prior living spouse where it was held that no dower survived the annulment. It seems to me that this and similar cases are entirely different from an annulment upon the ground of incurable insanity contracted after the marriage as is the case here. Ruckert v. Lasher (209 App. Div. 672, affd. 240 N. Y. 578), cited by defendant’s special guardian, is likewise distinguishable. That involved a dissolution of a marriage on the ground of absence (Domestic Relations Law, § 7-a). There it was held that dower was not barred by such dissolution of marriage. That case was decided in 1924, and the very next session of the Legislature enacted section 196-a of the Beal Property Law to provide that a dissolution for absence bars dower (L. 1925, ch. 568). However, it took an act of the Legislature to accomplish ttiip *426 result. There is no such similar statute applicable to dower after an annulment of marriage on the ground of incurable insanity contracted after the marriage. By section 190 of the Real Property Law a widow of a valid marriage contracted prior to September 1, 1930 is granted dower, and in the absence of a provision depriving her of this right, she is entitled thereto. Accordingly, I find that defendant’s right to dower is not barred.
Plaintiffs further ask that in the event that it be held that defendant’s dower right has not been cut off, such right be admeasured. The property in question having been conveyed by the husband in 1936, the value of the dower interest must be taken at the time of alienation (Raynor v. Raynor, 21 Hun 36, 40; Hale v. James, 6 Johns. Ch. 258; Dorchester v. Coventry, 11 Johns. 510) and without regard to improvement subsequently made by the grantee. Upon the proof before me, the property was then worth less than the encumbrances to which defendant’s right of dower was subject. There was no monetary consideration paid to the husband at the time and the conveyance was in lieu of foreclosure of the first and second mortgages then held by the grantee and her husband. Defendant’s dower interest is accordingly admeasured as of no value.
Settle judgment on notice providing for payment by plaintiffs of the special guardian’s fee.