John D. Bennett, S.
This is a proceeding to sell real property for the payment of debts.
On July 28, 1959, a decree was signed directing a sale of the real property to pay debts. Almost a year later a motion was made, upon notice, seeking approval of a certain contract of sale entered into between the executrix and the prospective purchaser. Without objection an order was signed approving the contract and directing the sale of the premises in accordance with its terms. During these proceedings the widow made no objection although she was represented by counsel whose notice of appearance had been filed.
On July 26, I960, a paper was filed indicating that the widow’s present attorney was substituted as her attorney in this proceeding in place of former counsel. In the same month the petitioner, evidently because of the discovery of an asserted outstanding right of dower in the premises, filed a supplemental petition and citation seeking the following relief: (1) a determination as to whether the provisions in the will for the benefit of the widow are in lieu of dower; (2) if not, that it be determined the right of dower is barred by the Statute of Limitations, and (3) failing such determination, that an order be made including the widow’s dower interest in the sale to the purchaser under section 248 of the Surrogate’s Court Act.
Although the order directing sale at the contract price was unopposed by the widow through her then attorneys, by her present attorney she seeks to challenge the adequacy of the contract price. Nothing- is alleged in the “ answering affidavit” which would warrant this court in setting aside the previous order and decree. In the absence of fraud or other grounds mentioned in subdivision 6 of section 20 of the Surrogate’s Court Act, the order and decree are conclusive as to the matters therein determined.
*228 The supplemental petition alleges that the title company employed in the title search has raised an objection of a dower interest in the widow, the decedent and the widow being married at the time of the conveyance of the subject premises to him in 1928. The petitioner does not deny this state of facts but contends that the testamentary provisions for the widow are in lieu of dower or, in the alternative, that such right is barred by the applicable Statute of Limitations. The title company’s apparent answer to the last contention is that the Statute of Limitations is being tolled by the continued possession of the premises by the widow.
By chapter 486 of the Laws of 1954 the Legislature, by amending section 460 of the Real Property Law, shortened the limitation of an action for dower from 20 years to 2 years. The decedent having died on May 20, 1958 and no action for dower having been commenced, the claim for dower is barred unless the Statute of Limitations is otherwise tolled. Section 460, prior to the 1954 amendment, contained certain exceptions which tolled the running of the statute such as infancy, insanity and imprisonment. There was nothing in the former provision which extended the running of the statute for widows in possession. In Wetyen v. Fick (178 N. Y. 223) the Court of Appeals held that the former statute stood alone and contained within itself the only provisions which tolled the statute. The amended section 460 contains no provisions whereby the running of the statute is extended, however, it has been recently held that the provisions of section 60 of the Civil Practice Act tolling the statute for infancy, insanity and imprisonment are applicable (Jagla v. Krysiewicz, 19 Misc 2d 423). However that may be, there is no statute in New York extending the applicable two-year Statute of Limitations by reason of the possession of the premises by the widow, although some States have such a provision ,in their statutes and others have specifically enacted that such possession does not toll the applicable limitation (28 C. J. S., Dower, § 90). A possible key to the legislative intent in this regard appears in the New York State Legislative Annual for the year 1954 (pp. 206-207) which quoted at some length reads as follows:
“In its report to the legislature in 1929 the Commission for the Revision of the Law of Decedents’ Estates branded dower ‘ a clog on alienation ’, quoting a phrase used by Blackstone 200 years before.
1 ‘ On September 1, 1930 the legislature abolished dower prospectively but preserved inchoate dower rights where a husband had acquired real property and had married prior to September *229 1, 1930. Possibly through an oversight the long 20-year statute of limitations for enforcing dower, as set forth in Section 460 of the Real Property Law, remained unchanged.
‘ ‘ Dower is an anachronism. It has no place in a modern system of property law. It should be brought to an end as soon as conveniently possible. There is no logical reason why a surviving spouse should have more than two years after her husband’s death to bring an action to admeasure dower, without extension for disability.”
Although the possession of the premises by the widow may be notice to the world of the rights she does have, under the facts here present and based upon the provisions of section 460 of the Real Property Law, the widow’s claim to dower is held to be barred by the Statute of Limitations.
An order may be submitted on this decision directing a sale of the premises in accordance with the terms of the contract and free from any right of dower.
Settle order on five days’ notice, with three additional days if service is made by mail.